## McCAIN v. STATE ELECTION BOARD et al.

No. 21465. Opinion Filed June 26, 1930.

G. E. Croom, for plaintiff in error.

J. Berry King, Atty. Gen., Randell S Cobb, Asst. Atty. Gen., Davidson & Williams, L. M. Poe, Joe T. Dewberry, and Joe Simpson, for defendants in error.

HUGHES, Special Justice. In this opinion the parties, plaintiff and defendants, will be referred to as they appeared in the court below.

This action was commenced by plaintiff, Barns McCain, against the defendants, the State Election Board of the state of Oklahoma, and Cleon A. Summers, as its chairman, and John E. Luttrell, as its secretary, constituting the State Election Board of the state of Oklahoma, in the district court of Oklahoma county, Okla., in which action the plaintiff sought a writ of mandamus against the defendants requiring defendants to file plaintiff's nominating petition for the Democratic nomination to the office of judge of the court of common pleas of Tulsa county, Okla., and to place his name upon the official state ballots.

The petition, after setting forth the general qualifications of the plaintiff for the office of judge of the court of common pleas of Tulsa county, alleges that on June 7, 1930, and within the time required by law, the plaintiff presented to defendants his petition or application requesting that his name be placed upon the state ballots as a candidate for the Democratic nomination for the office of judge of the court of common pleas of Tulsa county, to be voted upon at the primary election to be held on the last Tuesday in July, 1930, and requested that defendants file such petition or application, and that defendants unlawfully refused so to do. That there is no appeal from the decision and action of defendants, constituting said State Election Board, and that the plaintiff is, therefore, without adequate remedy at law. Plaintiff prays that a writ of mandamus be granted requiring defendants to receive and file his petition and application to have his name placed upon the official state ballot as a Democratic candidate for judge of the court of common pleas of Tulsa county, to be used in the

state-wide primary election to be held the last Tuesday in July, 1930, or to appear before said district court on a day certain to show cause why such defendants fail or refuse so to do. To the petition is attached a copy of plaintiff's said application to have his name placed upon said state ballot.

Upon the filing of said petition in said district court, the Honorable Sam Hooker, judge of said court, on the 11th day of June, 1930, issued an alternative writ of mandamus in said cause requiring the defendants to file the petition or application of plaintiff to have his name placed upon the official state ballot as a Democratic candidate for the office of judge of the court of common pleas of Tulsa county, Okla., division No. 2, as prayed for by the plaintiff, to be voted upon in the state-wide primary election to be held on the last Tuesday of July, 1930, in the state of Oklahoma, or to appear before said court and show cause why they failed and neglected to do so on the 16th day of June, 1930, and to have then and there said writ and make due return of execution of the same.

The defendants, on the 16th day of June, made return of said writ and filed their response to the same in said district court, alleging that under the provisions of section 6101, C. O. S. 1921, the plaintiff was required to file his nominating petition for the office of judge of the court of common pleas of Tulsa county, division No. 2, with the secretary of the county election board of Tulsa county, Okla., and not with the State Election Board, and that the laws of the state of Oklahoma do not enjoin upon respondents the duty of accepting or filing said nominating petitions.

The respondents further allege that the court of common pleas of Tulsa county, Okla., was created by the Legislature of the state of Oklahoma by Senate Bill No. 113, passed by the 1923 session of said Legislature, as shown by chapter 51 of the 1923 Session Laws of the state of Oklahoma; that said bill was approved by the Governor of the state of Oklahoma on the 27th day of February, 1923, and became immediately effective; that under the provisions of said law the court of common pleas of Tulsa county, Okla., has jurisdiction co-extensive of the county in which the court exists, and that the judges of said court shall be elected by the electors of the county at large for a term of four years; that the qualifications of the judges of said court shall be the same as those required of judges of the county courts of the state;

that under the act creating the said court it was provided that the Governor of the state should appoint suitable persons having the necessary qualifications as judges of said court until the first election thereafter at which said judges could be elected; that the first election thereafter came in the year 1926, and that numerous persons, some 36 in number, desired to file for the nomination of the various political parties for judges of said court; that they requested the State Election Board of the state of Oklahoma to advise them whether they should file for said office with the county election board of Tulsa county, Okla., or the State Election Board of the state of Oklahoma, and that the State Election Board construed said section 6101, supra, to require the filings for said office to be with the county election board of Tulsa county, Okla., and so advised the prospective candidates at that time, and that at the primary election held in Tulsa county in the year 1926, said candidates filed their nominating petitions for judge of the court of common pleas of Tulsa county with the county election board of said county, and did not file their nominating petitions with the State Election Board of Oklahoma; that said construction of section 6101, supra, by the officers charged with the administration of said law at that time was a contemporaneous construction of the law by the officers charged with the administration thereof, and that said construction was acquiesced in by all the candidates for said offices at the primary election of 1926, and the judges elected at that time, by the filing with the county election board of Tulsa county, took office and served as judges of the court of common pleas of Tulsa county continuously since they took office under such election.

The cause was tried in the district court on the 16th day of June, 1930, at which time the plaintiff filed his motion for judgment on the pleadings. The court took the cause under advisement, and on June 21, 1930, overruled the motion of plaintiff for judgment on the pleadings, and entered judgment dismissing plaintiff's petition with prejudice at the cost of plaintiff, to which plaintiff excepted. Motion for new trial was filed by the plaintiff in due time and it was overruled by the court, to which the plaintiff excepted and from which action of the trial court the plaintiff prosecutes this appeal to this court.

The sole question involved in this case is whether under the law candidates for the office of judge of the court of common pleas

of Tulsa county should file their nominating petitions with the county election board of said county or with the State Election Board of the state of Oklahoma. In determining this question it will be necessary to look to the act of the Legislature creating the court of common pleas of Tulsa county and to the various provisions of the primary and general election laws of the state.

The pertinent provision of the election law is found in that part of section 6101, supra, which reads as follows:

" * * * All nominating petitions for Presidential Electors, United States Senators, Representatives in Congress, state officers, members of the Senate and House of Representatives, district judges, and for all other offices for which the electors of the entire state or subdivision thereof greater than a county, are entitled to vote, shall be filed with the Secretary of the State Election Board. All nominating petitions for county and township officers or offices for which the electors of a subdivision of a county are entitled to vote, shall be filed with the secretary of the county election board."

This statute clearly points out where nominating petitions are to be filed. Those to be filed with the Secretary of the State Election Board are: (1) All nominating petitions for Presidential Electors; (2) U. S. Senators; (3) Representatives in Congress; (4) state officers; (5) members of the State Senate; (6) candidates for the House of Representatives; (7) district judges; (8) **and for all other offices for which the electors of the entire state or subdivision thereof greater than a county are entitled to vote.**

*This same section provides that all nominating petitions for:* (1) County officers; (2) township officers; (3) officers for which the elector of a subdivision of a county are *entitled to vote, shall be filed with the secretary of the county election board.*

In our opinion this statute is so plain and the legislative intent so clear that no rules of construction are necessary for its interpretation. It clearly appears that nominating petitions for any office to be voted upon by the entire state or a subdivision thereof greater than a county should be filed with the Secretary of the State Election Board, and that all nominating petitions for offices to be voted for by the county or a subdivision thereof are to be filed with the secretary of the county election board except those specifically required to be filed with the Secretary of the State Election Board. Evidently the Legislature had in mind the keeping of the records of

the county election and offices voted for by the county or subdivision thereof in the county where the election is to be held, and that where more than a county votes for an office they intended to and did provide for a central board, to wit, the State Election Board, to which the returns could be made and canvassed.

This view is further borne out by the provisions of section 6111, C. O. S. 1921, which is as follows:

"Candidates before any primary election, for all the offices for which the voters of more than a county have the right to vote, shall file with the Secretary of the State Election Board the name of each and every individual, with their post office address, by, or through whom he has expended, or purposes to expend money in defraying the expenses of his campaign. Candidates for offices within the borders of a county shall file such names with the secretary of the county election board. Should any candidate determine not to authorize or appoint any such person or persons to expend money, or other things of value, for him, in or during his campaign, he shall instead of filing such names, notify such election board that he has not and will not authorize any person to so act for him, but that he will in person account for all money, or other things of value, expended in the interest of his candidacy. Such list of names, or such information in lieu thereof, shall be attached to, and accompany every such candidate's formal application to have his name printed upon the official primary election ballot, or shall have it filed with such secretary, if before the state board in due time before the date fixed herein for the delivery of the official copy of the ballot to the printer; and, in case it shall be filed with the county election board, it shall be done before the day on which such board shall forward its report of candidates for such primary election to the secretary of the state board. Should any candidate fail to file such names or information, by the dates herein specified, the county election board shall not certify such candidate's name to the State Election Board, and said board shall not cause or allow to be printed upon the official ballots the name of any candidate who has not filed such list or information."

It is the contention of the plaintiff that the office of judge of the court of common pleas of Tulsa county is a state office and that the term "state officers," as used in section 6101, supra, includes such office, and that, therefore, his nomination petition for such office should be filed with the Secretary of the State Election Board. We are of the opinion that the Legislature in enacting the state election laws, set forth above, did

not have in mind the character of the office or the functions to be performed by the particular officers, but had in mind primarily the territory from which such officers were to be nominated or elected. Had it been the intention of the Legislature for the term "state officers,". as used in the statute, to cover all officers exercising functions of state concern, then it would have been wholly unnecessary for the Legislature to have mentioned in the act, district judges, members of the Senate, etc. It will be observed that the Governor, Secretary of State, Attorney General, and all other officers of the executive branch of the state government are nowhere mentioned in the act. Clearly it was these officers that the Legislature had reference to and meant to include in the term "state officers."

The State Election Board, being the administrative body to interpret and carry out the provisions of the state election laws in 1926, after the office of judge of the court of common pleas had been created in Tulsa county, when called upon to interpret the election laws with regard to the filing of nominating petitions of candidates for such office, construed section 6101, supra, and advised all candidates for such office that they should file their nominating petitions to be placed upon the official ballots with the county election board and not with the State Election Board. This was accordingly done by all candidates, and four judges for such office were nominated and elected.

The Legislature has been in session for two terms since this construction was placed upon said statute, and at no time saw fit to change the law as construed by the State Election Board.

25 R. C. L. 956, par. 212, reads as follows:

"Where a judicial construction has been placed upon the language of a statute for a long period of time, so that there has been abundant opportunity for the law-making power to give further expression to its will, the failure to do so, it has been declared, amounts to legislative approval and ratification of the construction placed upon the statute by the courts. * * * So, too, the construction which has been placed upon a statute by the officer or governmental department charged with the carrying out of the provisions of the law is to be accorded due consideration by the courts in construing the statute." Manley v. Mayor, 68 Kan. 377, 75 Pac. 550, 1 Ann. Cas. 825; State v. Mo. Athletic Club, 261 Mo. 576, 170 S. W. 904, Ann. Cas. 1916D, 931, L. R. A. 1915C, 876; 25 R. C. L. 1043, par. 274:

"It is a well-settled rule that the contemporaneous construction of a statute by those charged with its execution and application, especially when it has long prevailed, while not controlling, is entitled to great weight and should not be disregarded or overturned except for cogent reasons, and unless it be clear that such construction is erroneous. The courts are especially reluctant to overturn a long standing executive or departmental construction where great interests have grown up under it and will be disturbed or destroyed by the announcement of a new rule, or where parties who have contracted with the government upon the faith of such construction will be prejudiced." (And cases cited.)

The court of common pleas of Tulsa county was created by Act of the Legislature of the state of Oklahoma, in 1923, ch. 51, S. L. of Okla. 1923, and this act was amended by chapter 183, S. L. 1925. It is admitted in the pleadings in this action:

"That the first election thereafter came in the year 1926, and that numerous persons. some 36 in number, desired to file for the nomination of the various political parties for judges of said court; that they requested the State Election Board of the state of Oklahoma to advise them whether they should file for said offices with the county election board of Tulsa county, Okla., or the State Election Board of Oklahoma, and that the State Election Board of Oklahoma construed said section 6101, to require the filings for said offices to be with the county election board of Tulsa county, Okla., and so advised the prospective candidates at that time, and that at the primary election held in Tulsa county in the year 1926, said candidates filed their nominating petitions for judge of the court of common pleas of Tulsa county, Okla., with the county election board of Tulsa county, Okla., and did not file their nominating petitions with the State Election Board of Oklahoma; that said construction of section 6101 by the officers charged with the administration of said law at that time was a contemporaneous construction of the law by the officers charged with the administration thereof, and that such construction was acquiesced in by all the candidates for said offices at the primary election in 1926, and the judges elected at that time upon the filings with the county election board of Tulsa county, Okla., took office and served as judges of the court of common pleas of Tulsa county, Okla., continuously since they took office under said election."

This court does not feel called upon to disturb this construction placed upon this statute by the officers of the state of Oklahoma charged with the administration of this act. We find no error in the judgment

and proceedings of the trial court. Its judgment is affirmed in all things..

BURGER, Special Vice Chief Justice, and CLARK, HEFNER, CULLISON, and SWINDALL, JJ., concur. MASON, C. J., LESTER, V. C. J., and ANDREWS, J., absent. HUNT and RILEY, JJ., disqualified, not participating. (HON. J. S. BURGER and HON. J. G. HUGHES, being appointed respectively to serve as Special Justices).