### PARDOE v. SELLERS et al.

No 22237. Opinion Filed Oct. 6, 1931.

W. V. Pryor, Glenn O. Young, and W. L. Cheatham, for defendants in error.

W. V. Pryor, Glenn O. Young, W. L. Cheatham, for defendants in error.

RILEY, J. (on motion to dismiss):

This cause is now before the court upon motion of defendant in error to dismiss the appeal.

The appeal is from the judgment denying a writ of mandamus against the county election board of Creek county upon a hearing of an alternative writ commanding the county election board to convene, hear, and determine an election contest between W. F. Pardoe and C. O. Beaver for the office of judge of the superior court of Creek county, or show cause for not so doing.

The motion to dismiss is based upon the ground that the district court was without jurisdiction to entertain the application or grant the writ for the reason that the office of judge of the superior court is a state and not a county office, and that the county election board, for that reason, was without power or authority to hear and determine said contest, and that jurisdiction to hear and determine the same is in the State Election Board.

The superior court of Creek county was created by S. L. 1917, c. 138, sec. 1, now section 3153, C. O. S. 1921, wherein it is provided: "Said court shall be known as the superior court of Creek county." Its jurisdiction is concurrent in all matters, both civil and criminal, with the district court and county court, except in probate matters, and is co-extensive with the county. The judge of the superior court is elected each four years by the electors of Creek county.

This court has twice held that the office of judge of the superior court is a state office. It was so held in Chickasha Cotton Oil Co. v. Lamb & Tyner, 28 Okla. 275, 114 P. 333, where the court was created by a special act somewhat similar to the one creating the court in Creek county. It is also so held in State ex rel. Attorney General v. Breckenridge, 34 Okla. 649, 126 P. 806, where the court was created under the general act of March 6, 1909. In neither of these cases was an election contest involved. The question involved in the motion to dismiss the appeal has been settled by this court adversely to the motion in McCain v. St. Election Board, 144 Okla. 85, 289 P. 759, wherein it is held:

" 'State officers' referred to in law relating to filing of nomination petitions are officers of executive branch of state government."

In the body of the opinion it is said:

"It is the contention of the plaintiff that the office of judge of the court of common pleas of Tulsa county is a state office, and that the term 'state officers,' as used in section 6101, supra, includes such office, and that, therefore, his nomination petition for such office should be filed with the Secretary of the State Election Board. We are of the opinion that the Legislature in enacting the state election laws, set forth above, did not have in mind the character of the office or the functions to be performed by the particular officer, but had in mind primarily the territory from which such officers were to be nominated or elected. Had it been the intention of the Legislature for the term 'state officers,' as used in the statute, to cover all officers exercising functions of state concern, then it would have been wholly unnecessary for the Legislature to have mentioned in the act, district judges, members of the Senate, etc. It will be observed that the Governor, Secretary of State, Attorney General, and all other officers of the executive branch of the state government are nowhere mentioned in the act. Clearly it was these officers that the Legislature had reference to and meant to include in the term 'state officers'."

It was not specifically held therein that the office of judge of the court of common pleas of Tulsa county is a state office, as defined in Chickasha Cotton Oil Co. v. Lamb & Tyner, supra, and State ex rel. Attorney General v. Breckenridge, supra, but held that it is not a state office within the meaning of section 6101, C. O. S. 1921.

In the McCain Case, supra, the question involved was whether candidates for nomination in the primary election for the office of judge of the court of common pleas of Tulsa county should file their petitions for nomination with the county election board or with the State Election Board.

In the instant case the question is which of the two election boards has original jurisdiction to hear and determine a challenge to the correctness of the announced result of the general election for the office of judge of the superior court of Creek county.

By section 3 of chapter 63, S. L. 1927, such challenge must be filed by any candidate for a county office with the county election board of the county, whose duty it is to canvass the returns.

By section 7 of the same act, it is provided that as to candidates for district or state offices over which the State Election Board has jurisdiction, such contest shall be filed with the Secretary of the State Election Board.

Section 6101, C. O. S. 1921, is the only law by which the jurisdiction of the county and State Election Boards is fixed. Said section provides:

"All nominating petitions for presidential electors, United States Senators, Representatives in Congress, state officers, members of the Senate and House of Representatives, district judges, and for all other offices for which the electors of the entire state, or subdivision thereof greater than a county, are entitled to vote, shall be filed with the Secretary of the State Election Board. All nominating petitions for county and township officers or offices for which the electors of a subdivision of a county are entitled to vote, shall be filed with the secretary of the county election board."

By the McCain Case, supra, it is held that it is not the character of the office nor the functions to be performed by the particular officer that was intended to control as to the jurisdiction of each board, but the territory from which such officers were to be elected. The office of district judge is specifically mentioned as coming within the jurisdiction of the State Election Board, not because they were not considered as state officers, but because in most instances the territory from which they are elected includes more than one county. But in some instances but a single county constitutes a district. There was no occasion for mentioning other higher judicial officers, for the reason that they are included in the general or state officers, and because nominated in districts larger than a county and elected in the state at large.

It appears clear that for the purpose of administering the election laws, it was the intention of the Legislature to confer jurisdiction on the State Election Board only in those cases where the electors of the state or subdivision thereof greater than a county were entitled to vote, district judges, members of the Senate and House of Representatives, being specifically excepted; and to confer jurisdiction upon the county election board as to all offices where the voters of a county or a lesser subdivision were entitled to vote, and that "state officers," as used in section 6101, C. O. S. 1921, means only the general elective officers of the state, and without regard to what are or are not state officers within the meaning of other statutes.

The motion to dismiss the appeal must be, and is, denied.

HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., and CLARK, V. C. J., dissent. ANDREWS, J., absent.

---

CLARK, V. C. J. (dissenting). This cause is before the court on appeal from the district court of Creek county.

W. F. Pardoe was a Republican nominee, and C. O. Beaver was a Democratic nominee, for the office of judge of the superior court of Creek county, Okla., in the general election held November 4, 1930. After the election was held and vote canvassed, the Democratic nominee, Beaver, was declared elected by the county election board; thereafter W. F. Pardoe filed a pretended contest of said election with the county election board. The election board refused to hear said contest; action was brought in the district court to mandamus said election board to hear and determine said pretended election contest. The district court found for the defendants.

Plaintiff brought the cause here for review.

Defendants in error have filed a motion to dismiss on the ground that the office of superior judge is a state office and that under chapter 63, Session Laws 1927, the county election board is without jurisdiction to hear and determine said contest.

This court, in Chickasha Cotton Oil Co. v. Lamb and Tyner, 28 Okla. 275, 114 P. 333, in the 3rd paragraph of the syllabus, said:

"The act of the Legislature approved March 12, 1910 (Laws 1910, c. 47), establishing a county superior court in the city of Clinton, Custer county, does not violate those provisions of section 46, art. 5, of the Constitution, prohibiting the enactment of local or special laws regulating the affairs of counties or cities, creating offices in counties, or regulating the jurisdiction of courts."

The case of State ex rel. West, Attorney General, v. Breckenridge, 34 Okla. 649, 126 P. 806, held the judge of superior court was a state office. Plaintiff in error admits that judge of superior court is a state office.

This being an election contest, the authority to contest this election must be found in the statute; the right to contest an election did not exist at common law.

This court, in Dabney v. Hooker, 121 Okla. 193, 249 P. 381, in the first paragraph of the syllabus, said:

"At common law, there existed no right to contest in the courts the title to the nomination of a political party for public office, and none now exists unless specially provided for by statute."

The Supreme Court of Arizona, in Sorenson v. Superior Court, 254 P. 230, in the first paragraph of syllabus, said:

"Election contests can be instituted only where there is express authorization therefor; they being unknown to common law."

In the case of Crownover v. Miller, 197 P. 817, the Supreme Court of Nevada, in the 2nd paragraph of syllabus, says:

"Statutory proceedings regarding election contests are special and summary in their nature, and generally a strict observance of the statute, so far as regards the steps necessary to give jurisdiction, is required, and the jurisdictional facts must appear on the face of the proceedings."

The Oklahoma decisions and the decisions of other courts hold that the right to contest an election must be a statutory right and must be found in the statute.

The first paragraph of the syllabus of the majority opinion states in part as follows:

"By the enactment of section 6101, C. O. S. 1921, it was the intention of the Legislature to fix the jurisdiction of the county election board, for the purpose of administering the election laws. * * *"

This is a statement of the intention of the Legislature. There is nothing in section 6101 that authorizes an election contest. To say that it was the intention of the Legislature to authorize an election contest is to ignore the plain provisions of the statutes of Oklahoma, which provide for election contests. The court overlooks the fact that prior to the enactment of chapter 63, Session Laws 1927, jurisdiction to hear and determine contests in general elections was not vested in the county or State Election Board. Prior to the enactment of chapter 63, Session Laws 1927, contests of general elections were had in the district courts. See Moran v. N. Nichols et al., 35 Okla. 283, 129 P. 741, wherein it was held the county election board was without authority to open the envelopes returned by the election officers of any precincts contained in the voted ballots and tally sheets; also see State ex rel. Montgomery v. State Election Board, 29 Okla. 31, 116 P. 168; the provisions for contest at the time section 6101 was enacted were followed in the above cited cases. Chapter 63, Session Laws 1927, provides in part as follows:

"* * * Such contests as to state or district officers shall be filed with the Secretary of the State Election Board. * * *"

This court having heretofore determined that the office of the superior judge is a state office, then, under the provisions of this statute, the contest should be filed with the State Election Board. These provisions are expressed in such plain English words that it would seem the ingenuity of man could not evade them.

This court, in passing on this question in Brown v. Branson, 139 Okla. 271, 270 P. 63, in the 2nd and 3rd paragraphs of syllabus, said:

2. "Chapter 63, Session Laws 1927, is a revisory and substituted act covering the entire field of election contests for both primary and general elections and repeals all former statutes on the same subject, including section 6107, C. O. S. 1921."

3. "At common law a candidate for a nomination of a political party for public office has no right of contest. The method prescribed by statute is exclusive."

The majority opinion is directly and diametrically opposed to the case of Brown v. Branson, supra, and cannot be distinguished. The second paragraph of the syllabus of the majority opinion states:

"Under the provisions of chapter 63, Session Laws 1927, the county election board of Creek county has original jurisdiction to hear and determine an election contest involving the office of judge of the superior court of Creek county."

The applicable provisions referred to are not quoted in the majority opinion, and I have examined chapter 63 carefully and I find no such provision. The court should point out the provision of chapter 63, Session Laws 1927, which provides that the county election board of Creek county shall have jurisdiction of the contest of the office of judge of the superior court of Creek county, or of any state office.

The majority opinion cites McCain v. State Election Board, 144 Okla. 85, 289 P. 759, as authority for the holding therein. The McCain Case, supra, is not applicable for two reasons: First, it did not involve a judge of the superior court; and, second, it did not in any way involve an election contest. It involved the judge of the court of common pleas, and the question presented was whether or not he should file with the county election board or with the State Election Board his nominating petition.

Contests in general elections, prior to the enactment of chapter 63, Session Laws 1927, were heard in the court and not before the election board. If the theory announced by the majority opinion is correct, that the board with whom a candidate files and that the mere filing with the board gives the board jurisdiction to determine the contest, regardless of where the Legislature may provide that such contest may be determined, then no court would have jurisdiction to interfere in any contest.

I am of the opinion that, under the plain provisions of the statute and the decisions

of this court, construing both the question of whether or not a superior judge is a state officer, and the decision of this court holding that chapter 63, Session Laws 1927, is the only applicable statute providing for contest, and that all former statutes relating to contest were repealed, the holding in the majority opinion that section 6101, supra, was the applicable statute is erroneous, and that the county election board of Creek county, under the statutes and decisions of this court, is without jurisdiction to hear such contest of a general election, and that the county election board was without jurisdiction to hear and determine said contest, and that a mandamus would not lie to compel the county election board to hear that which it is without jurisdiction to determine.

For the reasons stated, plaintiff's appeal presents nothing to this court for review and should be dismissed.