**Melvin L. PERRY, Sr., Petitioner,**

v.

**S. R. HARPER, Judge of the County Court of Comanche County, State of Oklahoma, Respondent.**

**No. A–12416.**

Criminal Court of Appeals of Oklahoma.

Feb. 6, 1957.

Burton, Jones & Sasser, by Russell G. Jones, Lawton, for petitioner.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., Manville Redman, County Atty. of Comanche County, Lawton, for respondent.

BRETT, Presiding Judge.

This is an original petition for writ of prohibition brought by Marvin L. Perry, Sr., Master Sergeant in the United States Army, stationed at Ft. Sill, Oklahoma. It appears in said petition that on the first day of April, 1956, Sergeant Perry was operating a motor vehicle on a public highway in the city of Lawton, Oklahoma, and was arrested for driving while intoxicated. He was confined in the County Jail, charged with the operation of a motor vehicle while under the influence of intoxicating liquor in violation of 47 O.S.1951 § 93, arraigned before the county judge, entered a plea of not guilty, and was released pending trial on a subsequent date on a $250 cash bond. Before his case could be set for trial at a later date in the County Court, a Special Court-martial was assembled on May 1, 1956, at Ft. Sill, and

Sergeant Perry was tried for violation of Article 111 of the Uniform Code of Military Justice, 50 U.S.C.A. § 705, for driving a motor vehicle while intoxicated. The petitioner was tried by the court-martial and acquitted. Thereafter, petitioner Perry, on May 4, 1956, moved for a dismissal of the action in the County Court of Comanche County on the grounds that to proceed with said trial would constitute double jeopardy. On November 9, 1956, the motion was over-ruled and the case set for trial on November 26, 1956. Before the same could be heard, this action for writ of prohibition was instituted to prohibit the Honorable S. K. Harper, Judge of the said County Court, from proceeding with the said trial.

To this petition, the state made response opposing the relief prayed for. Adequate briefs have been filed for and against the petition.

In urging the issuance of the writ of prohibition the petitioner relies upon 21 O.S.1951 § 25, reading as follows:

"Whenever it appears upon the trial that the accused has already been ac-quitted or convicted upon any criminal prosecution under the laws of another State, government or country, found-ed upon the act or omission in respect to which he is upon trial, this is a suffi-cient defense."

and State ex rel. Cobb v. Mills, 82 Okl.Cr. 155, 163 P.2d 558, on rehearing 167 P.2d 669. The issues herein involved must of necessity be governed by the foregoing stat-ute and the construction placed thereon by State ex rel. Cobb v. Mills, supra. This fact is conceded both by the state and the petitioner. In the Mills case, it appears the offense was committed in 1945 by a Lt. Davis whose automobile struck and killed, in the very early morning before daylight, two street railway workers on East Main Street in Oklahoma City. It appears the Lieutenant ran his automobile into the two workers as they were engaged in repairing the street-car tracks, notwith-standing the presence of ample warning lights, flags, and so forth. He was taken into custody by the city police, but on the following afternoon, he was released to the military authorities and was immediately charged by a military court-martial at Will Rogers Air Field with the crime of negligently and unlawfully killing the two workmen in violation of 10 U.S.C.A. § 1565, 93rd Article of War, was tried and ac-quitted. Subsequently, he was charged in the District Court of Oklahoma County with second degree manslaughter and after a preliminary hearing was bound over for trial in the District Court of Oklahoma County, against which a writ of prohibition was sustained by this Court. State ex rel. Cobb v. Mills, supra. In the Mills case, it was held that the trial and the acquittal of the petitioner by the General Court-martial at Will Rogers Air Field was a bar to a prosecution by the state court for man-slaughter, for which he stood trial before the court-martial, because the military tri-bunal had acquired and exercised its juris-diction first.

While this Court, as it is presently con-stituted, is not altogether in accord with some of the conclusions expressed in the Mills case, we are loath to overrule the same. Five legislative sessions have come and gone since the announcements were made and the legislature has not seen fit to limit the application of the provisions of 21 O.S.1951 § 25 or the interpretation thereof made by this Court in the Mills case. Un-der these conditions we are of the opinion that the Mills case construing 21 O.S.1951 § 25 is now one of established law in Okla-homa with legislative approval and ratifica-tion, so that if a change is to be made there-in, that change should come about through legislative channels and the governor's ap-proval thereof. McCain v. State Election Board, 144 Okl. 85, 289 P. 759; Berryman v. State, Okl.Cr., 283 P.2d 558. Only the states of California, Arizona, Montana, and South Dakota have statutes similar to 21 O.S.1951 § 25. But, no state in the union has construed such statutes in accord with the holding in State ex rel. Cobb v. Mills, supra.

■ Nevertheless, we are of the opinion that the principles announced in the Mills case are controlling herein. But, the facts in the case at bar are clearly distinguishable from the situation therein involved. Herein, the state first acquired custody and jurisdiction of the petitioner by the filing of the information against him in the County Court of Comanche County, according him an arraignment at which time he entered a plea of not guilty, and fixing a date for trial and releasing him under $250 cash bond. Clearly, herein, the County Court of Comanche County first acquired jurisdiction and under the rules of comity the authority that first acquires jurisdiction and takes action thereon, has the right to do so to the exclusion of the other until the authority first acquiring jurisdiction has exhausted its process. In Ponzi v. Fessenden, 258 U.S. 254, 255, 42 S.Ct. 309, 310, 66 L.Ed. 607, Justice Taft said:

"We live in the jurisdiction of two sovereignties, each having its own system of courts to declare and enforce its laws in common territory. It would be impossible for such courts to fulfill their respective functions without embarrassing conflict unless rules were adopted by them to avoid it. The people for whose benefit these two systems are maintained are deeply interested that each system shall be effective and unhindered in its vindication of its laws. The situation requires, therefore, not only definite rules fixing the powers of the courts in cases of jurisdiction over the same persons and things in actual litigation, but also a spirit of reciprocal comity and mutual assistance to promote due and orderly procedure.

"One accused of crime has a right to a full and fair trial according to the law of the government whose sovereignty he is alleged to have offended, but he has no more than that. He should not be permitted to use the machinery of one sovereignty to obstruct his trial in the courts of the other, unless the necessary operation of such machinery prevents his having a fair trial. He may not complain if one sovereignty waives its strict right to exclusive custody of him for vindication of its laws in order that the other may also subject him to conviction of crime against it. In re Andrews, D.C., 236 F. 300; United States v. Marrin, D.C., 227 F. 314. Such a waiver is a matter that addresses itself solely to the discretion of the sovereignty making it and of its representatives with power to grant it.

"One accused of crime, of course, cannot be in two places at the same time. He is entitled to be present at every stage of the trial of himself in each jurisdiction with full opportunity for defense. Frank v. Mangum, 237 U.S. 309, 341, 35 S.Ct. 582, 59 L.Ed. 969; Lewis v. United States, 146 U.S. 370, 13 S.Ct. 136, 36 L.Ed. 1011. If that is accorded him, he cannot complain. The fact that he may have committed two crimes gives him no immunity from prosecution of either.

"The chief rule which preserves our two systems of courts from actual conflict of jurisdiction is that the court which first takes the subject-matter of the litigation into its control, whether this be person or property, must be permitted to exhaust its remedy, to attain which it assumed control, before the other court shall attempt to take it for its purpose. The principle is stated by Mr. Justice Matthews in Covell v. Heyman, 111 U.S. 176, 4 S.Ct. 355, 28 L.Ed. 390, as follows:

" 'The forbearance which courts of co-ordinate jurisdiction, administered under a single system, exercise towards each other, whereby conflicts are avoided, by avoiding interference with the process of each other, is a principle of comity, with perhaps no higher sanction than the utility which comes from concord; but between state courts and those of the United States it is something more. It is a principle of right

and of law, and therefore, of necessity. It leaves nothing to discretion or mere convenience. These courts do not belong to the same system, so far as their jurisdiction is concurrent; and although they coexist in the same space, they are independent, and have no common superior. They exercise jurisdiction, it is true, within the same territory, but not in the same plane; and when one takes into its jurisdiction a specific thing, that res is as much withdrawn from the judicial power of the other, as if it had been carried physically into a different territorial sovereignity.'

"The Heyman Case concerned property, but the same principle applies to jurisdiction over persons as is shown by the great judgment of Chief Justice Taney in Ableman v. Booth, 21 How. 506, 16 L.Ed. 169, quoted from, and relied upon, in Covell v. Heyman."

In Owens v. Commonwealth, 129 Va. 757, 105 S.E. 531, the court discussed the rule of comity as follows:

"The court which first takes jurisdiction of a criminal prosecution has priority and the right to conclude the specific litigation."

In United States ex rel. Helwig v. Klopfinstrin, D.C., 137 F.Supp. 214, the first syllabus reads:

"Under rule of comity, federal and state sovereigns in effect have agreed that the one first acquiring custody of a defendant must be permitted to exhaust its remedy against him before the other will exercise its jurisdiction over the same defendant, but such rule does not destroy the jurisdiction of the other sovereign, but only requires it, in the interest of orderly administration of justice, to postpone exercise of its jurisdiction by not taking defendant into custody until the first sovereign has exhausted its remedy against him."

We therefore are of the opinion that under rules of comity, the County Court of Comanche County first acquired jurisdiction and had the litigation under its control and that it must be permitted to exhaust its remedy to attain which it assumed control, State ex rel. Cobb v. Mills, supra, before any other court either civil or military, regardless of degree or importance, shall attempt to take it for its purpose. Such rules apply not only between the states but between the states and the Federal government and we see no reason why such rules should not be binding upon courts-martial which are tribunals of special and limited jurisdiction. McCune v. Kilpatrick, D.C., 53 F.Supp. 80; Durant v. Hironimus, D.C., 73 F.Supp. 79, 4 Cir., 168 F.2d 288, certiorari denied 335 U.S. 818, 69 S.Ct. 40, 93 L.Ed. 373.

The writ of prohibition is accordingly denied with directions for the County Court of Comanche County to proceed accordingly.

POWELL and NIX, JJ., concur.