MOATES v. OKLAHOMA TAX COMMISSION



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:MOATES v. OKLAHOMA TAX COMMISSION

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 MOATES v. OKLAHOMA TAX COMMISSION
2020 OK CIV APP 44
Case Number: 117968
Decided: 08/04/2020
Mandate Issued: 08/26/2020
DIVISION II
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION II
Cite as: 2020 OK CIV APP 44, __ P.3d __

 

IN THE MATTER OF THE SALES TAX CLAIM FOR REFUND PROTEST OF:

BRUCE A. MOATES and EDITH F. MOATES, Appellants,
v.
OKLAHOMA TAX COMMISSION, Appellee.

PROCEEDING TO REVIEW AN ORDER OF
THE OKLAHOMA TAX COMMISSION

AFFIRMED

Edith F. Moates, MOATES & ASSOCIATES, Norman, Oklahoma, for Appellants

Joseph P. Gappa, GENERAL COUNSEL, Elizabeth Field, DEPUTY GENERAL COUNSEL, Tina S. Ikpa, ASSISTANT GENERAL COUNSEL, Sharon R. Sitzman, ASSISTANT GENERAL COUNSEL, OKLAHOMA TAX COMMISSION, Oklahoma City, Oklahoma, for Appellee

JOHN F. FISCHER, JUDGE:

¶1 Appellant Bruce A. Moates and his wife, Appellant Edith F. Moates, appeal from the order of the Oklahoma Tax Commission (OTC) denying their claim for a refund of sales tax in the amount of $927.14 paid on purchases of custom furniture. The Moates claimed the purchases were exempt from sales tax pursuant to the Disabled Veterans Sales Tax Exemption, 68 O.S. Supp. 2015 § 1357(34). Finding no error, we affirm.

BACKGROUND 

¶2 The record reveals that the following facts are not in dispute. Bruce Moates applied to the Veterans Administration (VA) for a determination of his status as a 100% service-connected disabled veteran. While that status determination was pending before the VA, the Moates made two furniture purchases, on June 10 and June 14, 2016, from Haggard's Fine Furniture. The June 10 Haggard's Fine Furniture invoice, for a dining table and ten chairs, indicates a total purchase price of $10,159.81, including sales tax of $785.13. A down payment on the purchase was made by check in the amount of $5,159.81, and drawn on the account of "Moates and Associates."[1] The June 14 Haggard's invoice, for a game table, indicates a total purchase price of $1,837.66, including sales tax of $142.01. The $1,730.25 down payment on that purchase also was made by check drawn on the account of "Moates and Associates." Included terms in both invoices were that the remaining balance of the purchase price was due on delivery of the furniture. The $927.14 which is the subject of the Moates' claim for refund is the total of the sales tax charged on Haggard's June 10 and June 14 invoices.

¶3 Haggard's Fine Furniture operated an Oklahoma City showroom and was a local dealer for sales of the "Simply Amish" furniture the Moates purchased. Simply Amish produces collections of hand-crafted furniture in a variety of styles. Each furniture collection is available in a variety of hardwoods and stains. Simply Amish does not sell directly to the public and all furniture orders must be made through an official dealer. Although Haggard's Fine Furniture had Simply Amish furniture items on display, the Moates worked with Mr. Haggard, the owner, to decide on particular wood, designs and finishes. Mr. Haggard showed Edith Moates a catalog to assist her in making selections. The Haggard's invoices contain detailed information regarding the Moates' specific choices. On receipt of the order from Haggard's, Simply Amish began manufacture of the furniture specified in the order. For the June 10 custom furniture order, the balance due to Haggard's on delivery was $5,000. For the June 14 order, the balance due was $107.41.

¶4 The custom furniture was delivered to the Moates on September 16, 2016. However, due to alleged manufacturing defects, the Moates requested repair or replacement of certain pieces. On November 16, 2016, the Moates accepted delivery of the repaired/replaced furniture and paid the balance due for the purchase invoices.

¶5 In early May 2017, several months after all furniture was delivered, the VA notified Moates that he was awarded a 100% service-connected disability rating. The evaluation was permanent, with no future examinations scheduled. The effective date of the VA disability determination was July 27, 2016.

¶6 After receiving notice of his VA disability rating, Bruce Moates applied for and was issued OTC Sales Tax Exemption cards for himself and his wife. The Moates received the cards on May 5, 2017, with the notation "EXM-12149589-03 July 27, 2016."[2] On May 10, 2017, the Moates submitted, along with copies of receipts, their Application for Credit or Refund of State and Local Sales or Use Tax, with a claim period covering July 27, 2016, through May 5, 2017. The Account Maintenance Division denied the claim in part.[3]

¶7 The Moates protested the partial denial of their refund claim, and the matter was heard by the administrative law judge (ALJ).[4] The ALJ denied the portion of the claim related to debit and credit card purchases, but determined that the Moates were entitled to a refund of sales tax for the furniture purchases because the sales occurred when Haggard's transferred possession and delivered the furniture to the Moates. The Account Maintenance Division of the OTC filed a motion for reconsideration, which the ALJ denied.

¶8 The Account Maintenance Division filed an Application for En Banc Hearing before the OTC. The OTC reviewed the refund claim, the briefs submitted by the parties and, following the hearing, vacated the findings, conclusions and recommendations made by the ALJ. The OTC concluded that the Moates' custom furniture purchases did not qualify for the sales tax exemption. The OTC's 26-page order, which includes a detailed and extensive recitation of the facts and applicable law, provides in part:

The Commission finds that Claimants have not met their burden of establishing the validity of the claims for refund of sales tax paid on purchases made prior to applying for and obtaining a Disabled Veterans Card or exemption number. In addition, the Commission finds the subject sales of Simply Amish furniture occurred prior to the exemption date stamped on Claimant's Disabled Veterans Exemption Card and do not qualify for exemption from sales tax based on 68 O.S. [Supp. 2015] § 1357(34).

¶9 The Moates appeal. The issues they raise are limited to the denial of a refund of the sales tax paid for the custom furniture. The Moates claim that the OTC's order is clearly contrary to the applicable provisions of the Sales Tax Code. They also claim it is contrary to the general purpose of Oklahoma laws dealing with disabled veterans, which is to assist those veterans economically.

STANDARD OF REVIEW

¶10 The issues in this appeal involve the OTC's application and interpretation of statutes and rules concerning the Oklahoma Sales Tax Exemption for 100% Disabled Veterans. "When the OTC, an administrative agency, acts in its adjudicative capacity, its orders will be affirmed on appeal if 1) the record contains substantial evidence supporting the facts upon which the order is based and 2) the order is free of legal error." American Airlines, Inc. v. State ex rel. Okla. Tax Comm'n, 2014 OK 95, ¶ 25, 341 P.3d 56 (citing Neer v. State ex rel. Okla. Tax Comm'n, 1999 OK 41, ¶ 3, 982 P.2d 1071). "The OTC's legal rulings are subject to an appellate court's plenary, independent and nondeferential reexamination." Id. (footnote omitted).

ANALYSIS

¶11 The Moates' brief in chief contains two propositions of error. In Proposition I, they argue that it was error for the OTC to rely on or base any part of its decision on the May 5, 2017 date the Moates received the exemption cards rather the July 27, 2016 effective date of the VA disability determination noted on the face of the card. In Proposition II, they argue that the OTC erred by basing the decision to deny the refund of sales tax on the dates of the custom furniture orders, June 10 and June 14, 2016, rather than on the final date of delivery, which was not until November 2017.

I. Eligibility for Disabled Veterans Sales Tax Exemption

¶12 The OTC's authority to administer and collect sales taxes is statutory, and the OTC is authorized "to enforce the provisions of [the Uniform Tax Procedure Code] and to promulgate and enforce any reasonable rules with respect thereto." 68 O.S.2011 § 203.[5] Sales tax is imposed upon sales to consumers in Oklahoma of "tangible personal property" and services which are "not otherwise exempted." 68 O.S.2011 § 1351. See also 68 O.S. Supp. 2013 § 1354(A) ("There is hereby levied upon all sales, not otherwise exempted in the Oklahoma Sales Tax Code an excise tax of four and one-half percent (4.5%) of the gross receipts or gross proceeds of each sale of the following: 1. Tangible personal property . . . .").

¶13 Specific exemptions from Oklahoma sales tax are enumerated in 68 O.S. Supp. 2015 § 1357.

There are hereby specifically exempted from the tax levied by the Oklahoma Sales Tax Code:

. . . .

34. Sales of tangible personal property or services to persons who are residents of Oklahoma and have been honorably discharged from active service in any branch of the Armed Forces of the United States or Oklahoma National Guard and who have been certified by the United States Department of Veterans Affairs or its successor to be in receipt of disability compensation at the one-hundred-percent rate and the disability shall be permanent and have been sustained through military action or accident or resulting from disease contracted while in such active service or the surviving spouse of such person if the person is deceased and the spouse has not remarried; provided, sales for the benefit of the person to a spouse of the eligible person or to a member of the household in which the eligible person resides and who is authorized to make purchases on the person's behalf, when such eligible person is not present at the sale, shall also be exempt for purposes of this paragraph. The Oklahoma Tax Commission shall issue a separate exemption card to a spouse of an eligible person or to a member of the household in which the eligible person resides who is authorized to make purchases on the person's behalf, if requested by the eligible person. . . .

¶14 In order to claim the § 1357(34) exemption, the qualified veteran "to whom the sale is made shall be required to furnish the vendor proof of eligibility for the exemption as issued by the Oklahoma Tax Commission." 68 O.S.2011 § 1361.2. See Okla. Admin. Code (OAC) § 710:65-7-17.1. Proof of eligibility to claim the 68 O.S Supp. 2015 § 1357(34) sales tax exemption consists of either "a copy of the exemption card issued to the purchaser by the Tax Commission or the purchaser's name, address, and exemption number." OAC § 710:65-7-17. To receive an exemption card, the qualifying veteran must be an Oklahoma resident and submit to the OTC Taxpayer Assistance Division the following information: "(1) Qualifying Veteran. A letter from the United States Department of Veterans Affairs certifying that the veteran is receiving disability compensation at the 100% rate." OAC § 710:65-13-275(c)(1). The disabled veteran must follow the statutory procedure to obtain the exemption. See Apache Corp. v. State, 2004 OK 48, ¶ 10, 98 P.3d 1061 (noting that tax exemptions "are matters of legislative grace" and claimants must follow available statutory procedures to obtain them).

¶15 In the Moates' appellate brief, there is a considerable amount of discussion regarding what they characterize as the OTC's "totally absurd" position that, in order qualify for the sales tax exemption, they were required to "have the exemption card in hand" to present to Haggard's at the time of the custom furniture order. According to the Moates, the OTC's position overlooks the fact that, although they did not receive the sales tax exemption card until May of 2017, the effective date of Bruce Moates' 100% disability rating, correctly reflected on the Sales Tax Exemption Card, was July 27, 2016. And, when they filed their Application for Credit or Refund of State and Local Sales or Use Tax, Bruce Moates was a qualified veteran entitled to the sales tax exemption.

¶16 The OTC's lengthy order discusses the requirement of and timing for the purchaser to furnish the vendor proof of eligibility for the exemption, either by card, or by name, address and exemption number. The OTC's order notes that it must "strictly enforce exemption statutes." And, the order also notes that Bruce Moates did not have that proof until May 5, 2017, almost one year after the furniture purchases. However, the ultimate finding and conclusion in the OTC's order is that the Moates did not meet their burden of establishing the validity of their claim for refund of the sales tax paid on the furniture because "the subject sales of Simply Amish furniture occurred prior to the exemption date stamped on [the Moates'] Disabled Veterans Exemption Card and do not qualify for exemption from sales tax based on 68 O.S. [Supp. 2015] §1357(34)." (Emphasis added).

¶17 Based on our review of the record, this Court finds that the OTC did not err in concluding that the date of the "subject sales" was a determinative fact. However, the Moates argue that the OTC erred in using the dates of purchase reflected on the Haggard's invoices in denying their claim for a sales tax refund.

II. Date of the Furniture Sales

¶18 The Moates concede in their appellate brief that they ordered and made down payments on the furniture "before the decision by the Department of Veterans Affairs . . . that [Bruce Moates] was 100% service connected disabled." Nonetheless, they urge this Court to conclude that the "subject sales" of furniture did not predate Bruce Moates' eligibility to claim the Disabled Veterans Exemption. The Moates argue that the November 16, 2016 final delivery date, which is also the date on which they paid the balance owed on the purchase price, is the operative date for determining their entitlement to the claimed sales tax refund.

¶19 In support of their argument, the Moates maintain that the June 10 and June 14, 2016 invoice dates do not reflect actual sales of "tangible personal property" on those dates but simply orders for custom-made furniture "which was not in existence." They also point out that both invoices have an "ETA date box," and they rely on that fact in support of their contention that, for purposes of their requested sales tax refund, the taxable event occurred when the finished furniture was delivered. The Moates cite to the definition of the term "sale" found in the general definitions section of the Sales Tax Code: "'Sale' means the transfer of either title or possession of tangible personal property for a valuable consideration regardless of the manner, method, instrumentality, or device by which the transfer is accomplished in this state . . . ." 68 O.S.2011 § 1352(22). According to the Moates, there was no transfer of title, and certainly no transfer of possession of custom furniture on June 10 or June 14, 2016; the transfer did not occur until delivery. Therefore, the Moates argue that there were no transactions subject to sales tax on those June dates, and the OTC erred in concluding otherwise. We are not persuaded by their arguments.

¶20 There is some discussion within the analysis portion of the OTC's order regarding the May 5, 2017 date on which Bruce Moates received his sales tax exemption card and exemption number. However, as this Court has noted, the OTC ultimately concluded and ordered that the Moates did not meet their burden of establishing the validity of their claim for refund of the sales tax paid on the furniture because "the subject sales" of Simply Amish furniture occurred prior to the exemption date stamped on the Moates' Disabled Veterans Exemption Card.

¶21 In resolving the issue, the OTC noted that, during the hearing before the Commission en banc, the Moates agreed "they had a completed sales contract" upon completion of the June 2016 orders at Haggard's and the accompanying invoices reflecting the purchase of the Simply Amish furniture. OTC Order No. 2019-04-11-12 at p. 23 and n.25. The OTC also looked to one of its past precedential orders for guidance and observed that "a true object of the transaction test" is applied to determine whether a customer client "is primarily contracting for the services or for the article of tangible personal property produced by the service." OTC 90-04-03-06 PREC (April 3, 1990), 1990 WL 300932 at *5 (noting that transaction for commissioned original artwork was subject to sales tax because facts presented indicated the object of agreement between artist and his customers was artwork in its finished physical form).[6] The OTC noted that Haggard's Fine Furniture added sales tax due on the total purchase price at the time it wrote each invoice. The OTC did not find the contracted terms of purchase between Haggard's and the Moates regarding down payment, delivery and final payment to affect the dates of the "sales" for tax purposes.

¶22 Applying the de novo standard of review, we find no error in the OTC's determination that the invoice dates of June 10 and June 14, 2016, constitute the operative dates for purposes of determining the Moates' entitlement to the claimed sales tax refund. Their purchases of Simply Amish furniture on those dates in June 2016 do not qualify for the Disabled Veterans Sales Tax Exemption. The furniture sales on June 10 and June 14, 2016, occurred prior to the effective date of Bruce Moates' eligibility for the sales tax exemption. The effective date of the sales tax exemption was not until July 27, 2016, when the VA officially declared Bruce Moates to have a 100% service-connected disability. We also note:

It is a well settled rule that the contemporaneous construction of a statute by those charged with its execution and application, especially when it has long prevailed, while not controlling, is entitled to great weight and should not be disregarded or overturned except for cogent reasons, and unless it be clear that such construction is erroneous.

Oral Roberts Univ. v. Okla. Tax Comm'n, 1985 OK 97, ¶ 10, 714 P.2d 1013 (citing McCain v. State Election Bd., 1930 OK 323, 289 P. 759). We find no reason to overturn the OTC's more than thirty-year-old interpretation of section 1354(A)(1) of the Sales Tax Code.

CONCLUSION

¶23 The OTC did not err in concluding that the Moates' furniture purchases from Haggard's Fine Furniture on June 10 and June 14, 2016, did not qualify for the 100% Disabled Veteran Sales Tax Exemption found at 68 O.S. Supp. 2015 § 1357(34). Those furniture purchases occurred before July 27, 2016, the date on which the VA declared Bruce Moates to have a 100% service-connected disability. Prior to the determination by the VA, Bruce Moates did not qualify for the Oklahoma sales tax exemption and, therefore, the Moates were not entitled to the requested sales tax refund. The OTC's order is supported by substantial evidence and free of legal error. Accordingly, we affirm the Order of the Oklahoma Tax Commission.

¶24 AFFIRMED.

BARNES, P. J., and RAPP, J., concur.

FOOTNOTES

[1] As indicated by the Moates' appellate filings, "Moates and Associates" is the name under which Edith Moates, a licensed attorney, operates her law practice. The disabled veterans sales tax exemption applies to sales made to or on behalf of the qualified veteran and spouse. The OTC did not decide the issue of whether Bruce Moates had an interest in the funds of "Moates and Associates," because that issue "was not addressed during the administrative hearing process" and there were "insufficient facts in the record to enable the Commission to make that determination."

[2] In its order, the OTC identified the above-quoted information on the card as one of the "facts" relevant to the issues before it. OTC Order No. 2019-04-11-12 at pgs. 3, 6 (fact No. 11) (emphasis in original).

[3] The Moates' initial sales tax refund request totaling $2,958.60 covered numerous purchases on various dates from various vendors. The Credits and Refunds Section of the Account Maintenance Division of the OTC approved a refund amount of $979.69, but denied the remaining portion of the claim. Stated reasons for denial were that some purchases were made outside Oklahoma, some purchases were not documented by receipts, some purchases were returned with corresponding sales tax credited or refunded and, on other purchases, no sales tax was charged. The record contains copies of numerous receipts submitted by the Moates, some of which bear a hand-written notation apparently made by the Division: "Before Exemption date of 7/27/16."

[4] See n.3. At the hearing before the ALJ, the Moates limited their protest to the Haggard's Fine Furniture receipts and certain other debit or credit card purchases for which they had no original sales receipts.

[5] "The purpose of . . . the 'Uniform Tax Procedure Code', is to provide, so far as is possible, uniform procedures and remedies with respect to all state taxes. Unless otherwise expressly provided in any state tax law, heretofore or hereafter enacted, the provisions of this article shall control and shall be exclusive." 68 O.S.2011 § 201.

[6] Precedential order OTC 90-04-03-06 addressed a sales tax protestant's challenge to the Commission's application of the 1981 version of 68 O.S. § 1354, to "persons who produce, through professional talent and skill, a tangible object for sale." OTC 90-04-03-06 PREC (April 3, 1990), 1990 WL 300932 at *5. The Commission did not specifically determine dates of sales in that order, but held: "If the client is primarily contracting for the tangible personal property produced by the service . . . the transaction is subject to sales tax." Id. The subsections of the current and applicable version of the statute, 68 O.S. Supp. § 1354(A)(1), have been renumbered but the language remains the same.






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 2004 OK 48, 98 P.3d 1061, APACHE CORP. v. STATE ex rel. OKLAHOMA TAX COMMISSION
Discussed
 1930 OK 323, 289 P. 759, 144 Okla. 85, McCAIN v. STATE ELECTION BD.
Discussed
 2014 OK 95, 341 P.3d 56, AMERICAN AIRLINES, INC. v. STATE ex rel. OKLAHOMA TAX COMMISSION
Discussed
 1999 OK 41, 982 P.2d 1071, 70 OBJ 1551, Neer v. State ex rel. Oklahoma Tax Commission
Discussed
 1985 OK 97, 714 P.2d 1013, 56 OBJ 2777, Oral Roberts University v. Oklahoma Tax Com'n
Discussed
Title 68. Revenue and Taxation
 Cite
Name
Level

 68 O.S. 1352, Definitions
Cited
 68 O.S. 1354, Tax Levy - Rate - Sales Subject to Tax
Discussed at Length
 68 O.S. 1361.2, Proof of Eligibility for § 1357(34) Exemption
Cited
 68 O.S. 201, Purpose of Article
Cited
 68 O.S. 203, Enforcement by Tax Commission - Rules and Regulations
Cited
 68 O.S. 1351, Intent
Cited
 68 O.S. 1357, 68 1357, Exemptions - General
Discussed at Length


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA