**BRANCH TRUCKING COMPANY, et al., Appellants,**

v.

**STATE of Oklahoma, ex rel. OKLA-HOMA TAX COMMISSION, Appellee.**

No. 68620.

Supreme Court of Oklahoma.

April 17, 1990.

As Modified on Rehearing Nov. 27, 1990.

Larry Derryberry, Patrick D. Shore, Derryberry, Quigley, Parrish & Gooding, Marvin B. York, Oklahoma City, for appellants.

Joe Mark Elkouri, Gen. Counsel, Marjorie Welch, Oklahoma Tax Com'n, Oklahoma City, for appellee.

J.W. Doolin, Barry W. Cousins, Lawton, amicus curiae, for appellants.

Sherry Blankenship, Sherman, Pool, Thompson, Coldiron & Blankenship, Del City, Sue Ann Nicely, Oklahoma City, amicus curiae, for appellee.

LAVENDER, Justice.

The question presented is whether Rural Electric Cooperatives are exempt from collecting sales tax on the sale of electricity. We answer in the affirmative.

## FACTS

On March 20, 1987, the Oklahoma Tax Commission adopted Regulation 13–62 (Order No. 87–03–20–02) requiring rural electric cooperatives to collect, report and remit state, city and county taxes on the sale of electricity to Oklahoma consumers. Regulation 13–62 required rural cooperatives to collect the sales taxes beginning in May, 1987. However, an appeal was filed on April 17, 1987, in this court requesting a stay pending appeal. We declined the stay and directed the parties to pursue their request with the Tax Commission under 68 O.S.1981, § 225(f).[1] Then on April 30, 1987

---

1. Section 225(f) reads:

    If the appeal be from an order, judgment, finding or ruling of the Tax Commission other than one assessing a tax and from which a right of appeal is not otherwise specifically provided for in this article, any aggrieved taxpayer may appeal from any such order, judgment, finding or ruling as provided in this section and may supersede the effect of such order, judgment, ruling or finding by filing with the Tax Commission a bond in an amount fixed by the Tax Commission payable to the State of Oklahoma

an open meeting was held by the Tax Commission, the result of which was to modify the order and extend the effective date of collection to June 1, 1987.

■ Finally, on May 29, 1987, the Tax Commission entered its third order, allowing for any party, or any rural electric cooperative, affected by Regulation 13–62 to stay the effect of the order by posting a bond in the amount of one percent (1%) of the gross total sales of electricity for 1986. Thereafter, Appellants filed in this Court a Supplemental Motion to their petition requesting to stay the effect of Regulation 13–62 *without* posting the aforementioned bond. We denied the motion.[2]

To understand the basis for this appeal, a brief review of the history of rural coopera-tives is in order. In 1936 Congress adopted the Rural Electrification Act, 7 U.S.C. § 901 et seq. (the "Act"). This Act was established to provide low cost funds to "light up" rural areas not having access to electricity because of the high cost of servicing a sparse population base. In 1939, Oklahoma enacted the Rural Electric Cooperative Act, 18 O.S.1981, § 437. To complement this Act, the Legislature established a separate tax structure acknowledging the differences between rural electric cooperatives that are *member* owned versus other corporations including *investor* owned utilities.[3] It is from this tax structure that the present dispute arises.

Significantly, Rural Electric Cooperatives have been exempt over the years from collecting sales tax on the sale of electricity.[4]

---

conditioned that such appeal will faithfully and diligently be prosecuted to a final determination, and in the event the order, judgment, ruling or finding of the Tax Commission be affirmed on appeal, that such person will immediately conform thereto.

**2.** Appellee argues that this appeal is not properly brought in that there is no actual case in controversy nor have Appellants met the statutory provision under 68 O.S.1981, § 225(a) or (c).

Sections (a) and (c) state:
(a) Any taxpayer aggrieved by any order, ruling, or finding of the Tax Commission directly affecting such taxpayer or aggrieved by a final order of the Tax Commission issued pursuant to subsection (g) of Section 221 of this title may appeal therefrom directly to the Supreme Court of Oklahoma. A taxpayer so desiring to appeal shall, within ten (10) days from the date of mailing to the taxpayer of any such order, ruling, or finding, file with the Tax Commission a written notice of his intention to appeal.
(c) As a condition precedent to the right of the taxpayer to prosecute such an appeal, and as a jurisdictional prerequisite of the Supreme Court to entertain such appeal, it is specifically provided that, if the appeal be from an order of the Tax Commission assessing a tax or an additional tax, penalties, and interest, the taxpayer shall pay to the Tax Commission the amounts assessed. If upon a final determination of the appeal the order assessing such tax, penalties, and interest is reversed or modified and it is determined that said tax or part thereof was erroneously or illegally assessed, said amounts so paid by the taxpayer, together with the interest thereon at the rate of three percent (3%) per annum, shall be refunded to the taxpayer by the Tax Commission.

However, this appeal is brought under § 225(f). The order appealed from is *an order promulgating a regulation* of the Tax Commission, *not one assessing a tax,* additional tax, penalties or interest according to § 225(a) or (c). Equally unmeritous is the argument that Appellants are only challenging the authority of the Oklahoma Tax Commission to promulgate the order and the manner in which it was adopted, and thus no case in controversy exists. Appellants do not challenge the authority to adopt a regulation rather, the Tax Commission's authority to reverse a long-standing interpretation.

**3.** *See* 18 O.S.1981, § 437 et seq.; *see also* 68 O.S.1981, § 1214.

**4.** *See* Attorney General opinion 72–298, December 31, 1979.
"1. Is the sale of electricity by Rural Electric Cooperatives exempt from taxation under the Oklahoma Sales Tax Code?"
. . . .
"Title 18 O.S.1971, § 437.25, however, does not purport to exempt cooperatives merely from the duty to pay excise taxes. *It provides that cooperatives shall be exempt from all other excise taxes whatsoever. That exemption embraces the duty to collect excise taxes imposed by § 1310.* The tax levied by § 1304 is an excise tax upon the gross proceeds or gross receipts derived from specified sales, including the sale of electricity. The statutory exemption of Rural Electric Cooperatives from all excise taxes whatsoever does not exclude the duty to collect the excise tax so levied."
*See also* two district court cases, *Cotton Electric Cooperative, A Cooperative Corp. v. Oklahoma Tax Commission,* No. 105,778, August 11, 1942 and *Alfalfa Electric Cooperative, Inc., v. Oklahoma Tax Commission,* No. 105,766, January 29, 1943. (Both judgments holding that the Oklahoma Tax Commission was without author-

This practice, or lack thereof, forms the basis for Appellants' present appeal. Because, according to its own administrative interpretation, rural cooperatives have been exempt from collecting sales tax on the sale of electricity, Appellants argue that the Commission may not now reverse its long-standing position without a cogent reason for doing so[5] or legislative action. Additionally, Appellants urge lack of notice as grounds for invalidating the order.[6] However, because we answer affirmatively as to the first issue, we need not address Appellants' second argument.

## I. THE TAX COMMISSION'S ADMINISTRATIVE INTERPRETATION EXEMPTING RURAL ELECTRIC COOPERATIVES FROM COLLECTING SALES TAX ON THE SALE OF ELECTRICITY CANNOT BE REVERSED ABSENT LEGISLATIVE ACTION OR A COGENT REASON TO DO SO.

Since at least 1940, the question of whether rural cooperatives were exempt from collecting sales tax has been discussed.

Title 18 1981 § 437.25 states:

*Each cooperative* ... shall pay annually, on or before the thirty-first day of August, to the Oklahoma Tax Commission, a fee of One Dollar ($1.00) for each one hundred persons or fraction thereof to whom electricity is supplied within the state by it, as of June thirtieth preceding, but *shall be exempt from all other ex-*

*cise and income taxes whatsoever.* (emphasis added)

Clearly, this statute exempts *rural cooperatives* from *paying* "all other excise and income taxes whatsoever." The question remains however, did the Legislature intend for a rural cooperative to be exempt from *collecting* sales tax on the *sale* of electricity as well.[7] Rather this *would* be the question had the Tax Commission not already answered the question by maintaining a policy over the years of not requiring rural cooperatives to collect sales tax on the sale of electricity. Once a policy has been imposed over a long number of years, "[w]e as a Court are not required to perceive at this late date the intent of that legislature"[8] and the Commission must maintain its position absent a cogent reason for changing it.

■ This rule of law of holding the Commission to its consistent administrative interpretation of a tax structure is well documented in a long line of Oklahoma caselaw. *McCain v. State Election Board*, held that a long-standing interpretation must be given great weight by the courts and should be disturbed for only cogent reasons, unless the construction is clearly erroneous.[9] Moreover, even if legislative intent is unclear, the Tax Commission's interpretation of a statute "is substantiated by the legislative acquiesence in the Commission's construction...."[10] Even legislative silence may be construed to approve

---

ity to require the rural cooperatives to collect, report and remit sales taxes.)

5. *McCain v. State Election Board, et al.,* 144 Okla. 85, 289 P. 759 (1930).

6. Appellants argue that proper notice was not given under the Oklahoma Open Meeting Act, 25 O.S.1980, Supp. § 301 et seq. and *Matter of Order Declaring Annexation dated June 28, 1978, Issued by Frazier,* 637 P.2d 1270 (Okla.App. 1981). Appellants had requested in writing personal notification of any meetings held regarding the proposed regulation.

7. Appellees argue that the plain language of the statute exempting rural cooperatives means that only rural cooperatives are exempt from all other excise and income taxes, not member-consumers. Appellants respond by arguing that

since member-consumers make up the cooperatives, to exempt one is to exempt the other and that since the Legislature knew this and wanted to encourage into existence rural cooperatives, this was the intent of the exemption. However, in any event, the policy has been to exempt rural cooperatives from collecting the tax. If there is no duty to *collect* the tax, then it follows there is no duty on behalf of the member-consumers to *pay* the tax either.

8. *Oral Roberts University v. Oklahoma Tax Commission,* 714 P.2d 1013, 1017 (Okla.1985).

9. *McCain,* 144 Okla. 85, 88, 289 P. 759, 763 (1930).

10. *Peterson v. Oklahoma Tax Commission,* 395 P.2d 388, 392 (Okla.1964).

**690**

administrative construction.[11] In *Oral Roberts University v. Oklahoma Tax Commission*, this court held that "[t]he Tax Commission's own undeviating position ... plus the legislature's disinclination to modify the substance of the statute during that period has now caused the original construction to be so firmly entrenched that the Commission may not with the stroke of a pen undo it. That would be a power reserved only to the legislature."[12] Finally, the *Legislature "adopts* an administrative construction of a statute when, subsequent to such construction, it amends the statute or re-enacts it without overriding such construction."[13]

■Those decisions are controlling as to the present set of facts. The Tax Commission has exempted rural electric cooperatives from collecting sales tax on the sale of electricity. Regardless of whether this is viewed as an interpretation of the Act, in that rural cooperative consumers were exempt from paying such a tax, or an interpretation by default, because the cooperatives were not required to collect the tax, the end result is a settled policy that cannot now be reversed absent legislative action or a cogent reason by the Tax Commission justifying its actions.[14]

Since there has been no legislative action to reverse the Tax Commission's interpretation, the regulation has the force of law.[15] In order to now exclude the exemption, either the Legislature would have to enact a change or this Court would have to recognize a cogent reason for the Tax Commission having done so.

The Tax Commission has put forth what it considers a "cogent reason" for its reversal. The Commission argues that a recent Attorney General's opinion 85–155, May 27, 1986, declaring that member-consumers *were not exempt* from paying sales tax is

binding on a state official until a judgment of a court of competent jurisdiction relieves the public official of the burden of compliance.

■ The Attorney General is the 'chief law officer' of Oklahoma. Okla.Stat. tit. 74, § 18 (1981). Since 1919, the Attorney General's opinions have been binding on state officials unless the opinion is inconsistent with a final determination of a court of competent jurisdiction. *See Rasure v. Sparks*, 75 Okla. 181, 183 P. 495 (1919). In *York v. Turpen*, 681 P.2d 763 (Okla.1984), this Court created an exception to this general rule.

In *York*, the Attorney General effectively declared a statute unconstitutional. *Id.* at 765. This Court found that 'the issuance of an opinion finding an act of the legislature unconstitutional is ... an unwarranted encroachment upon the power of the legislature and the unique duty of the courts.' The opinion underlying the present issue does not declare a statute unconstitutional and, therefore, does not fall within the *York* exception.

■ An Attorney General's opinion is binding on state officials until a court of competent jurisdiction renders an inconsistent decision. In this case, the District Court for Oklahoma County twice has rendered judgments inconsistent with the Attorney General's opinion No. 85–155. *See Alfalfa Electric Coop., Inc. v. Oklahoma Tax Comm'n*, No. 105766, slip op. (D.Ct. Okla. Jan. 29, 1943); *Cotton Electric Coop., v. Oklahoma Tax Comm'n*, No. 105778, slip op. (D.Ct.Okla. Aug. 11, 1942). Because the tax commission did not appeal from those judgments, they became final. In both *Alfalfa Electric Coop.* and *Cotton Elect. Corp.*, the district court ordered the tax commission to refund sales tax on elec-

---

11. *Id.* at 391.

12. *Oral Roberts University*, 714 P.2d at 1017.

13. *Id.* at 1016 (emphasis added).

14. The Tax Commission also argues that even if the member-consumers are exempt from paying the sales tax, a factual determination is needed to inquire if there are nonmember-consumers

who should be required to pay because they are not exempt. However, if the exemption runs to the duty of the cooperative to not have to collect the tax, then it does not matter who the consumer is.

15. *Crane v. Commissioner*, 331 U.S. 1, 7–8, 67 S.Ct. 1047, 1051–52, 91 L.Ed. 1301 (1946).

tricity sold to the cooperatives' customers and remitted to the tax commission by the cooperatives. Thereafter, the Attorney General rendered an opinion which was inconsistent with the court's decision. *See* 85 Op.Att'y Gen. 155 (1986). The Oklahoma Tax Commission was a party in both of the district court cases. It is bound by the law of those cases. Therefore, those decisions, rather than the Attorney General's opinion, are binding on the Oklahoma Tax Commission.

## II.

The Tax Commission also urges that Article X, § 5 of the Oklahoma Constitution requires uniform taxes upon the same class of subjects. The Commission argues that Regulation 13–62 is merely complying with this mandate to require like purchasers of electricity to be uniformly taxed. We find this argument to be without merit as well. The Legislature enacted the Act for the very reason that rural consumers were not similarly situated with their urban counterpart, namely that rural areas were not being serviced at all. This difference is based upon a rational and reasonable basis, is not arbitrary or capricious and does not violate Article X, § 5 of the Oklahoma Constitution. No evidence was presented by the Tax Commission that this classification is no longer valid.

## III.

Finally, we note that Appellants have requested a refund of the taxes paid plus any applicable interest allowed. However, this court does not have the authority to issue such a refund in that this appeal was brought under § 225(f) to determine the validity of order No. 87–03–02. Assuming Appellants have a remedy to recover taxes this opinion holds were not required to have been collected or paid, such remedy is unaffected by our decision in that this court is not authorized to order a refund.

ORDER VACATED.

HARGRAVE, C.J., and HODGES, KAUGER and SUMMERS, JJ., concur.

OPALA, V.C.J., and SIMMS, J., concur in part, dissent in part.

DOOLIN, J., disqualified.