**GLOBE LIFE AND ACCIDENT INSURANCE COMPANY, Appellant,**

v.

**OKLAHOMA TAX COMMISSION, Appellee.**

Nos. 75160, 75178.

Supreme Court of Oklahoma.

May 12, 1992.

Monnet, Hayes, Bullis, Thompson & Edwards by Steven K. McKinney and John T. Edwards, Oklahoma City, for appellant.

Joe Mark Elkouri, Gen. Counsel, and Tony Mastin, Asst. Gen. Counsel, and David Hudson, Gen. Counsel, and Christy J. Caesar, Asst. Gen. Counsel, Oklahoma Tax Com'n Oklahoma City, for appellee.

HODGES, Vice Chief Justice.

This matter is before this Court after an administrative law judge for the Oklahoma Tax Commission (Commission) denied Globe Life and Accident Insurance Company's (Globe) request for a refund of sales tax. The stipulated facts of this case are identical to the facts of *Professional Investors Life Insurance Co. v. Oklahoma Tax Comm'n*, 825 P.2d 1292 (Okla.1991). This case is controlled by *Professional Investors* and *Branch Trucking Co. v. Oklahoma Tax Comm'n*, 801 P.2d 686 (Okla.1990).

The stipulated facts are as follows. Globe sells insurance through its agents. Pursuant to Okla.Stat. tit. 36, § 624, Globe pays premium tax on insurance sold in Oklahoma. Before August 26, 1988, Globe did not pay sales tax on purchases of personal property, and vendors did not collect sales tax from Globe on purchases of personal property.

On August 26, 1988, the Attorney General of the State of Oklahoma issued Opinion No. 88–34. The opinion stated:

It is, therefore, the official opinion of the Attorney General that the provisions of 36 O.S.Supp.1988, § 624 do not exempt an insurance company from the payment of sales tax, where such insurance company is acting as the purchaser of goods or services and a sales tax would otherwise be imposed.

Before the Attorney General issued the opinion, the Commission did not require vendors to collect sales tax from Globe for the purchase of personal property. Globe has requested a refund of the sales tax which it has paid for the purchase of personal property.

The matter was brought before an administrative law judge who found that Globe was not exempt, pursuant to Okla. Stat. tit. 36, § 624, from the payment of sales tax on the purchase of personal property and denied the refund. Globe appealed. The two issues presented in this appeal are: (1) Whether the premium tax paid by Globe under Okla.Stat. tit. 36, § 624 exempted Globe from the payment of sales tax on the purchase of personal property; and (2) Whether the Oklahoma Tax Commission was bound by the opinion of the Attorney General.

I.

The issue of whether Globe was exempted from sales tax on personal property was decided in *Professional Investors*. In *Professional Investors*, the appellant insurance company complained about paying sales tax on electricity. In that case, this Court agreed with the Attorney General's opinion finding that, pursuant to Okla.Stat. tit. 36, § 624, an insurance company was not exempt from the payment of sales tax "where such insurance company is acting as the purchaser of goods or services and a sales tax would otherwise be imposed." The refund was denied.

In the present case, Globe was "acting as the purchaser of goods or services" on which a sales tax would generally be imposed. *Professional Investors* controls this issue. The sales tax was appropriately imposed.

II.

This Court decided the issue of whether an agency was bound by the opinion of the Attorney General in *Branch*. In *Branch*, this Court stated: "The Attorney General is the 'chief law officer' of Oklahoma. Since 1919, the Attorney General's opinions have been binding on state officials unless the opinion is inconsistent with a final determination of a court of competent jurisdiction." *Branch Trucking Co.*, 801 P.2d at 690. The second issue in the

present case is answered by this statement from *Branch*. Further, because this Court has determined that the tax was appropriate, the issue of the binding effect of the Attorney General's opinion is moot. *See Branch* at 690.

The Commission properly followed the opinion of the Attorney General and denied Globe's refund request. The order of the Commission is affirmed.

AFFIRMED.

OPALA, C.J., and LAVENDER, SIMMS, HARGRAVE, ALMA WILSON and SUMMERS, JJ., concur.

KAUGER, J., concurs in result by reason of stare decisis.