1998 OK 20

Patricia **BRANDON**, Ph.D., Vicki **Zimmerman**, Byron Ronald **Miller**, M.D., Lynn **Latham** and Carol **Latham**, Curt **Cooper**, and Loretta **Crain**, Appellees,

v.

William **ASHWORTH**, Lewis Norman, Dale Bragg, Craig Barnes, and Cynthia Whaley, acting in their capacity as members of the School Board of the Independent School District I–1 of Stephens County, Oklahoma and Dr. Jack C. Herron, Jr., Superintendent of Independent School District No. I–1 of Stephens County, Oklahoma, Appellants.

No. 90381.

Supreme Court of Oklahoma.

March 10, 1998.

---

Henry C. Bonney, Bonney, Weaver, Corley & Benefield, Duncan, and J. Douglas Mann, Rosenstein, Fist & Ringold, Tulsa, for Appellants.

James L. Kee, Kee & Archer, Duncan, for Appellees.

HODGES, Justice.

¶ 1 The issues in this appeal are (1) whether the plaintiff taxpayers have standing to bring a suit for declaratory judgment against a school district, and (2) whether the superintendent's contract entered into on July 2, 1996, and covering the 1996–97 and 1997–98 school years violated section 26, article 10 of the Oklahoma Constitution. We hold that the plaintiffs had standing to bring this suit and that the contract did not violate section 26, article 10 of the Oklahoma Constitution.

## I. FACTS

¶ 2  The facts are undisputed.  Dr. Jack C. Herron, Jr. (Herron) was first employed by the Independent School District I–1 of Stephens County Oklahoma (School District) in 1991.  The School District has reemployed Herron each year since 1991.  Dr. Herron is certified by the Oklahoma State Board of Education to serve as a superintendent.  During his employment with the School District, Herron has never served as a counselor, librarian, or school nurse.  Further, Herron has not served in an instructional capacity while employed by the School District.  Neither the School District or Herron has ever given written notice of an intent to terminate Herron's employment with the School District.

¶ 3  On July 2, 1996, the Board of Education of the School District (Board) voted to rehire Herron for the 1996–97 and the 1997–98 school years.  That same day the parties entered into a contract for Herron's employment.

¶ 4  On May 20, 1997, the plaintiffs who are taxpayers of the district filed a suit asking for a declaratory judgment that the contract between Herron and the School District was void.  The plaintiffs requested a temporary restraining order and a temporary injunction to prevent the School District from paying Herron's salary until the matter was decided.

¶ 5  On June 2, 1997, the trial court denied the motion for a temporary injunction.  The matter came on for trial on June 13, 1997, and on October 30, 1997, the trial court entered judgment.  The trial court found that the contract violated article 10, section 26 of the Oklahoma Constitution.  However, the trial court determined that Herron was validly employed by the School District for the 1996–97 year pursuant to section 6–101(E) of title 70 of the Oklahoma Statutes.  Herron and the School District appealed.  This Court retained the matter for disposition.

## II. STANDING

¶ 6  The first issue to be addressed is whether the plaintiffs, as taxpayers, had standing to bring this action.  A party whose standing is challenged must show (1) actual or threatened injury, (2) for which relief can be given, and (3) the interest to be protected is "within a statutorily or constitutionally protected zone".  *In re Initiative Petition No. 363*, 1996 OK 122, ¶ 13 n. 29, 927 P.2d 558, 565 n. 29.  The interest must be "direct, immediate and substantial".  *Underside v. Lathrop*, 1982 OK 57, ¶ 7, 645 P.2d 514, 517.

¶ 7  A taxpayer has standing to invoke a state court's jurisdiction "to enjoin an illegal use of moneys by a municipal corporation." *Coleman v. Miller*, 307 U.S. 433, 445, 59 S.Ct. 972, 978, 83 L.Ed. 1385 (1939); *Frothingham v. Mellon*, 262 U.S. 447, 480, 43 S.Ct. 597, 598, 67 L.Ed. 1078 (1923); *District of Columbia Common Cause v. District of Columbia*, 858 F.2d 1, 3 (D.C.Cir.1988); *Freedom From Religion Foundation, Inc. v. Zielke*, 845 F.2d 1463, 1469 (7th Cir.1988); *Hawley v. City of Cleveland*, 773 F.2d 736, 741 (6th Cir.1985); *Harvey v. Cobb County, Georgia*, 811 F.Supp. 669, 675 (N.D.Ga.1993), *aff'd*, 15 F.3d 1097 (11th Cir.1994), and *cert. denied*, 511 U.S. 1129, 114 S.Ct. 2138, 128 L.Ed.2d 867 (1994); *Allen v. Consolidated City of Jacksonville, Flor.*, 719 F.Supp. 1532, 1535 (M.D.Fla.1989); *Annunziato v. New Haven Board of Aldermen*, 555 F.Supp. 427, 430 (D.Conn.1982); *Calvin–Humphrey v. District of Columbia*, 340 A.2d 795, 799 (D.C. 1975); *Llewellyn v. Iowa State Commerce Comm.*, 200 N.W.2d 881, 885 (Iowa 1972); *St. Paul Area Chamber of Commerce v. Marzitelli*, 258 N.W.2d 585, 588 (Minn.1977); *Cobb v. Shelby County Board of Commissioners*, 771 S.W.2d 124, 126 (Tenn.1989); *Olson v. Salt Lake City School Dist.*, 724 P.2d 960, 962 (Utah 1986).  Oklahoma adopted this rule in 1903 in *Kellogg v. School District No. 10 of Comanche County*, 13 Okla. 285, 74 P. 110 (1903).  In *Kellogg*, this Court allowed a taxpayer of a school district to enjoin the district from making unauthorized appropriation of district funds.

¶ 8  The plaintiffs have standing in this matter under the Declaratory Judgment Act, Okla.Stat. tit. 12, § 1651 (1991), and section 5–126 of title 70 of the Oklahoma

Statutes.[1] Section 1651 provides: "District courts may, in cases of actual controversy, determine rights, status, or other legal relations, including but not limited to determination of the construction or validity of any . . . contract." Title 70, section 5–126 of the Oklahoma Statutes allows electors of a school district to file an action at law for the return of moneys paid out in pursuance of a void contract. If electors can bring suit for the recovery of money paid out under a void contract, it follows that they also have standing to seek a declaratory judgment to determine the contract's validity.

## III. VALIDITY OF THE CONTRACT

¶ 9 The plaintiffs contend that the contract violates article 10, section 26 of the Oklahoma Constitution as it was at the time the parties entered into the contract.[2] At the time of the contract, article 10 stated:

> Except as herein otherwise provided, no county, city, town, township, school district, or other political corporation, or subdivision of the state, shall be allowed to become indebted, in any manner, or for any purpose, to an amount exceeding, in any year, the income and revenue provided for such year without the assent of three-fifths of the voters thereof. . . . [P]rovided . . . nothing in this section shall prevent any school district from contracting with certificated personnel for periods extending one (1) year beyond the current fiscal year, under such conditions and limitations as shall be prescribed by law.

¶ 10 The trial court reasoned that the contract violated this constitutional provision because under title 70, section 6–101 of the Oklahoma Statutes, Herron was reemployed under a continuing contract on April 26, 1996. Section 6–101(E) of the 1991 statutes provides if a board of education has not

notified a teacher by April 10 of an intent to not renew the teacher's contract and if the teacher has not notified the board by April 25 of a desire to not be reemployed for the next school year, the teacher is considered to be reemployed under a continuing contract "on the same salary schedule used for other teachers in the school district for the ensuing fiscal year." The trial judge determined that Herron was a teacher for purposes of section 6–101 and was thus reemployed on April 26, 1996. Thus, the written contract, as interpreted by the trial court, violated section 26 of article 10 of the Oklahoma Constitution and was void.

■ ¶ 11 For several reasons, the trial court erred in ruling that the written contract was void. First, the written contract does not violate the constitutional requirements of section 26, article 10. When the written contract was entered into on July 2, 1996, section 26, article 10 allowed school districts to contract for the school year in which the contract was entered into and the next school year. In the present case, the contract was entered into in the 1996–97 school year and extended through the 1997–98 school year which was one year beyond the fiscal year it was entered into. The written contract does not violate section 26 of article 10 of the Oklahoma Constitution as it read at the time of the written contract.

■ ¶ 12 Second, the legislature did not intend that administrators to be included in the definition of teacher. The purpose of statutory construction is to determine the intent of the legislature. *In re Flowers*, 1993 OK 19, ¶ 11, 848 P.2d 1146, 1151. Where the intent of the legislature is plain from the language, this Court need not resort to statutory construction. *Id.* In the present case,

---

1. For purposes of this opinion, the references to constitutional and statutory provisions will be to those provisions which were in effect at the time the parties entered into the written contract unless otherwise indicated.

2. Article 10, section 26 of the Oklahoma Constitution was amended in by a vote of the people of the State of Oklahoma in 1997. The provision now states:

"[N]othing in this section shall prevent, under such conditions and limitations as shall be prescribed by law, any school district from contracting with:
(1) certified personnel for periods extending one (1) year beyond the current fiscal year; or
(2) a school superintendent for periods extending more than one (1) year, but not to exceed three (3) years beyond the current fiscal year. . . ."

the statutory language clearly does treat the term teacher to include an administrator.

¶ 13 Under the plain language of the statute, the term teacher as used in title 70, section 6–101 does not include administrators. Section 6–101.3 provides for purposes of:

Section 6–101 et seq. of Title 70 of the Oklahoma Statutes:

1. "Administrator" means a duly certified person who devotes a majority of time to service as a superintendent, elementary superintendent, principal, supervisor, vice principal or in any other administrative or supervisory capacity in the school district;

. . .

8. "Teacher" means a duly certified or licensed person who is employed to serve as a counselor, librarian or school nurse or in any instructional capacity; an administrator shall be considered a teacher *only with regard to service in an instructional, nonadministrative capacity.*

Okla.Stat. tit 70, § 6–101.3 (1991) (emphasis added). Pursuant to § 6–101.3, an administrator is not a teacher for purposes of section 6–101 unless the administrator also performs the duties of a teacher.

¶ 14 An application of the principles of statutory construction supports the same conclusion. Throughout section 6–101, the Oklahoma Legislature refers to teachers and administrators when it intends administrators to be included in the provisions. Section 6–101(F) states: "No school district or any member of the board of education of a district shall be liable for the payment of compensation to a teacher or administrator under the provisions of any contract for the ensuing year. . . ." Section 6–101(G) provides: "No school district or any member of a board of education shall be liable for the payment of compensation to any teacher or administrator for the unexpired term of any contract if the school building to which the teacher or administrator has been assigned is destroyed by accident, storm, fire, or otherwise. . . ." To treat the term teachers to include administrator would fail to give effect to the term administrator. *See Reiter v. Sonotone Corp.,* 442 U.S. 330, 338, 99 S.Ct. 2326, 2330, 60 L.Ed.2d 931 (1979). Clearly

the Legislature used the term "teacher and administrator" when it intended that a provision apply to both.

¶ 15 Third, even if section 6–101(E) is construed to apply in this case, the written contract entered into on July 2, 1996, overrides any contract imposed by section 6–101(E). "A subsequent contract covering fully the subject matter of a former contract operates as a rescission of and substitute for the former contract." *Seal v. Carroll,* 1968 OK 25, ¶ 18, 439 P.2d 185, 188. Thus, the written contract entered into on July 2, 1996, would have rescinded any continuing contract resulting from the application of section 6–101(E) and would have become the operative contract.

¶ 16 The plaintiffs rely on *Smith v. School District No. 1, Marshall County,* 187 Okla. 184, 102 P.2d 131 (1940); *Independent School District No. 1, McIntosh County v. Howard,* 336 P.2d 1097 (Okla.1959); *City of Del City v. Fraternal Order of Police, Lodge No. 114,* 1993 OK 161, 869 P.2d 309, 12 Op.Att'y Gen. 80–272 (1980). The cases cited for support by the plaintiffs are distinguishable. In *Smith,* statutory provisions prohibited schools from entering into teacher contracts until the beginning of the fiscal year. Neither *Howard* or *City of Del City* involved certified personnel contracts. Thus, the exception provided in article 10, section 26 for teacher and administrator contracts did not apply.

¶ 17 Plaintiffs' reliance on the 1980 opinion of the Attorney General is misplaced. The opinion found that the term teacher as used in section 6–101(E) included superintendents. At the time of the Attorney General's Opinion, section 6–102.1 defined administrator as "any teacher who devotes a majority of his time to service as a superintendent, principal, supervisor, vice principal or any other administrative or supervisory capacity in the school district." After the Attorney General issued the opinion, the Oklahoma Legislature changed the definition of teacher for purposes of section 6–101. Thus, at the time of the contract in this case, section 6–101.3(1) defined administrator as "a duly certified person who devotes a majority of time to

service as a superintendent, elementary superintendent, principal, supervisor, vice principal or in any other administrative or supervisory capacity in the school district." At the time of the contract in 1996, the statutes no longer defined an administrator in terms of teacher as it did at the time of the Attorney General's Opinion. Thus, the opinion of the Attorney General written in 1980 is no longer applicable. Further, the opinion of the Attorney General is not binding on this Court. *Globe Life and Accident Ins. Co. v. Oklahoma Tax Comm'n,* 1992 OK 65, ¶ 8, 831 P.2d 649, 650–51.

### IV. CONCLUSION

¶ 18 The plaintiffs had standing to bring this action. The July 2, 1996, written contract between Herron and the school district does not violate article 10, section 26 of the Oklahoma Constitution. The judgment of the trial court is reversed and judgment is entered for the defendants.

¶ 19 KAUGER, C.J., and SUMMERS, V.C.J., and HODGES, LAVENDER, OPALA and WATT, JJ., concur.

¶ 20 SIMMS, J., dissenting.

¶ 21 HARGRAVE and ALMA WILSON, JJ., not participating.