1998 OK CIV APP 127

**In re MARRIAGE OF GRANT.**

**David M. GRANT, Plaintiff/Appellant,**

v.

**Deborah A. GRANT, Defendant/Appellee.**

No. 89961.

Court of Civil Appeals of Oklahoma, Division No. 1.

Aug. 7, 1998.

Stan Chatman, Yukon, for Plaintiff/Appellant.

Pamela R. Bowie, Elizabeth S. Wilson, Oklahoma City, for Defendant/Appellee.

## OPINION

CARL B. JONES, Vice–Chief Judge:

¶1 In this case we consider whether the trial court could exercise personal jurisdiction over Appellant's ex-wife. The trial court held it could not. We agree, and so affirm.

¶2 David and Deborah Grant were married in Missouri in 1979. Three years later, they were divorced by judgment for dissolution entered in Illinois. The divorce judgment required David to pay $661 per month child support for the first six months, and $400 per month thereafter. A short time later, the parties apparently agreed that David would give up his right to visit their daughter and Deborah would forgo any claim to the child support.

¶3 In 1995, Deborah contacted the Oklahoma Department of Human Services [DHS] about recovering past-due child support from David. DHS then registered the Illinois di-

vorce judgment here and filed a notice of delinquency under the Uniform Interstate Family Support Act, 43 O.S.Supp.1994 §§ 601–100 *et seq.* [UIFSA], to adjudicate the amount of unpaid support and to obtain an assignment of David's wages. DHS held an administrative hearing in November, 1995. Deborah and her attorney participated in that hearing by telephone from Wisconsin. (We do not have a copy of the administrative record.) DHS determined that David owed $57,831.

¶4 David appealed to the district court in Canadian County, arguing that the DHS order was invalid because the administrative hearing was held in Oklahoma County instead of David's county of residence. The court agreed and vacated the DHS order. The court remanded the matter to DHS.

¶5 Preferring to remain in Oklahoma County, DHS filed a notice in March, 1997, of intent to revoke or suspend David's driving privileges for non-compliance with the Illinois child support obligation as domesticated. DHS then claimed that David owed $62,892. That second administrative proceeding was filed under 56 O.S.Supp.1995 § 240.15,[1] which did not have the venue provision as in the UIFSA.

¶6 David commenced the action presently before us in April, 1997, by filing a "Notice of Filing Foreign Judgment" in the trial court. David proceeded under the Uniform Foreign Money–Judgments Recognition Act, 12 O.S.1991 §§ 710 *et seq.* With an affidavit of his attorney and attachment of the Illinois judgment, he sought to domesticate the Illinois judgment in Canadian County, and gave notice to Deborah that he "intend[ed] to initiate legal action regarding the alleged child support arrearages and have appropriate relief granted by the Canadian County District rather than the Department of Human Services." DHS filed an objection to David's attempt to domesticate the judgment a second time. The focus of DHS's objection, so far as this appeal is concerned, is whether the district court could obtain personal jurisdiction over Deborah. The next day, David filed a "Motion to Determine Existence of Arrearages," asserting the agreement between him and Deborah to relieve him of the child support obligation.

¶7 On appeal, the parties have briefed this case as a challenge to the trial court's personal jurisdiction. David argues that, because Deborah purposefully sought a remedy in Oklahoma by contacting DHS and causing DHS to ask for adjudication of alleged past-due child support under the UIFSA, she cannot complain now that the trial court lacked personal jurisdiction over her to litigate the issue of unpaid child support in the trial court. *See Yery v. Yery*, 1981 OK 46, ¶¶ 11–12, 629 P.2d 357, 362; *see also Fields v. Volkswagen of America, Inc.*, 1976 OK 106, 555 P.2d 48. As stated in *Hough v. Leonard*, 1993 OK 112, 867 P.2d 438, "A non-resident who has purposefully directed activities at forum residents must present a compelling case that jurisdiction would be unreasonable, or that the contacts were so insignificant that the exercise of in personam jurisdiction would offend the traditional notions of substantial justice and fair play." *Id.*, 1993 OK 112 at ¶7, 867 P.2d at 442–43 (footnotes omitted).

¶8 DHS argues that, because David tried to domesticate the Illinois divorce judgment under the Uniform Foreign Money–Judgments Recognition Act, he was required to separately obtain personal jurisdiction over her and that he could not do that solely on the basis of the original administrative proceeding. DHS concedes that Deborah was the motive force behind the support arrearage proceedings, and that Deborah submitted a written request for assistance in Oklahoma to start the process. However, DHS cites a limited immunity provision in the UIFSA which provides:

> Participation by a petitioner in a proceeding before a responding tribunal, whether in person, by private attorney, or through services provided by the support enforcement agency, does not confer per-

---

1. The cited statute provides that DHS is authorized to order the revocation or suspension of a license or professional placement of someone who has not complied with an order for child support.

sonal jurisdiction over the petitioner in another proceeding.

43 O.S.Supp.1994 § 601–314(A).

■ ¶ 9 The purpose of statutory construction is to determine the intent of the Legislature. But, when legislative intent is plain from the language used, there is no need to resort to rules of statutory construction. *Brandon v. Ashworth*, 1998 OK 20, ¶ 12, 955 P.2d 233, 236. Section 601–314(A) is clearly intended to preclude the establishment of personal jurisdiction based upon "participation ... in a proceeding." The Uniform Reciprocal Enforcement of Support Act, 43 O.S.1991 §§ 301 *et seq.* (repealed), which UIFSA replaced, contained a similar provision: "Participating in any proceedings under this act shall not confer upon any court jurisdiction of any of the parties thereto in any other proceeding." 43 O.S.1991 § 333, formerly 12 O.S.1981 § 1600.29 (repealed). That provision was construed as severing jurisdiction of support enforcement matters from jurisdiction of custody or visitation matters. *See Dept. of Human Services v. Pavlovich*, 1996 OK 71, ¶ 14, 932 P.2d 1080, 1085; *Waldmann v. Waldmann*, 1977 OK CIV APP 14, ¶¶ 8–9, 567 P.2d 532, 534–35.[2]

■ ¶ 10 From the language used it is equally clear that "participation" would include both an initial written request for enforcement assistance and appearance by telephone with counsel at a subsequent hearing to adjudicate the existence and amount of delinquency. Because of the immunity conferred by that section, David could not refer to those acts in attempting to establish personal jurisdiction in Canadian County.

■ ¶ 11 David also suggests that the trial court had jurisdiction because there were two pending actions involving the question of child support arrearage. This argument is based on 56 O.S.1991 § 238. 6(A), which deals with concurrent district court and administrative proceedings:

In any case in which the same issues of fact involving minor children are pending before the District Court and before OAH [Office of Administrative Hearings], those issues may be decided and relief granted by the District Court, or be remanded by the District Court to OAH for determination.

¶ 12 We agree with DHS, however, that there were not two actions pending. The administrative proceedings came first. David then *attempted* to commence other proceedings in the trial court, but in order to domesticate the judgment himself under the Uniform Foreign Money–Judgments Enforcement Act and then seek to adjudicate support arrearage, he had to obtain personal jurisdiction over Deborah. 12 O.S.1991 § 714 (listing bases for personal jurisdiction so foreign judgment will not be refused recognition for lack of it). In general that statute recognizes personal jurisdiction by the usual indicia of personal service, voluntary appearance, and the like, and allows the courts here to "recognize other bases of jurisdiction." But David must actually have a valid proceeding pending before he can resort to § 238.6(A). That statute does confer jurisdiction, it merely deals with resolving the problem of concurrent jurisdiction of district courts and DHS.

¶ 13 For the reasons expressed in this opinion, we conclude that the trial court correctly held that David had failed to establish grounds for exercise of personal jurisdiction over his ex-wife. The judgment below must therefore be affirmed.

¶ 14 AFFIRMED.

JOPLIN, P.J., and GARRETT, J., concur.

2. Clearly, though, unlike authorities under the prior act, the adjudication of support arrearage is the same issue which both the trial court and DHS were asked to decide.