Dear Oklahoma Council Nelson
¶ 0 This office has received your request for an Attorney General Opinion. You have asked, in effect, the following questions:
1. What constitutes a "retired full-time peace officer?"
2. What constitutes a "retired reserve peace officer?"
3. In light of legislative changes to 21 O.S. 1289.8 (1998),which allows retired peace officers to carry concealed pistolsprovided certain conditions are met, can the Council on LawEnforcement Education and Training promulgate a rule whichrestricts the definition of a "retired peace officer" to one withat least ten (10) years of full-time service?
¶ 1 Section 21 O.S. 1289.8(A) of Title 21 is part of the Oklahoma Firearms Act (hereinafter "Act"). The statute reads as follows:
 A. Any state, county, or municipal peace officer of this state who is retired, or any federal law enforcement officer who is retired may retain their status as a peace officer, retired, in the State of Oklahoma, and as such may carry a concealed pistol pursuant to the provisions of subsection B of this section. A retired state, county, or municipal peace officer may in times of great emergency or danger serve to enforce the law, keep the peace, or to protect the public in keeping with their availability and ability at the request of the Governor, the sheriff, or the mayor of their retirement jurisdiction.
 B. The Council on Law Enforcement Education and Training (CLEET) shall issue an identification card to eligible retired federal, state, county and municipal peace officers which authorizes the retired peace officer to carry a concealed pistol in this state. . . .
 C. The retired peace officer shall be required to submit the following information to the Council on Law Enforcement Education and Training (CLEET) and any other information requested by CLEET:
 1. A statement from the appropriate retirement system verifying the status of the person as a retired peace officer of the jurisdiction or, if the retired peace officer does not participate in a retirement system, a statement from the appropriate law enforcement agency verifying the status of the person as a retired peace officer of that jurisdiction, and the reason why the retired peace officer does not participate in a retirement system;
 2. A notarized statement, signed by the retired peace officer, stating that the officer:
 a. has not been convicted of and is currently not subject to any pending criminal prosecution for any felony offense, any drug-related offense, aggravated assault and battery, or any offense involving impairment by drugs or alcohol,
 b. has not been forced into retirement due to any mental disorder,
and
 c. has not suffered any injury or any physical or mental impairment which would render the person unsafe to carry a concealed pistol.
. . . .
 E. The Council on Law Enforcement Education and Training shall promulgate rules and procedures necessary to implement the provisions of this section.
21 O.S. 1289.8 (1998) (emphasis added).
¶ 2 In essence, the section allows a retired federal, state, county or municipal peace officer to carry a concealed pistol, provided certain conditions are met. If those conditions are met, the Council on Law Enforcement Education and Training (hereinafter CLEET) is required to issue a card which authorizes the retired officer to carry a concealed pistol. See 21 O.S.1289.8(B) (1998).
¶ 3 To obtain authorization, the retired peace officer is required to provide CLEET with certain documents. See 21 O.S.1289.8(C) (1998). Until the 1998 Legislative session, one of those requirements was "[a] statement from the appropriate retirement system verifying the status of the person as a retired peace officer of the jurisdiction. . . ." Id. This requirement of retired peace officer status is reflected in CLEET's rules. OAC 390:45-1-5; OAC 390:45-1-3.
¶ 4 Under the current pension plan available to municipal peace officers, an officer must complete ten (10) years of service before he can vest in a pension plan. See 11 O.S. 50-111.1
(1998). An "officer" is defined as a "duly appointed and sworn full-time officer ofthe regular police department of a municipality." 11 O.S. 50-101(6) (1998). Therefore, an officer has to work full-time for ten years to participate in a pension system; and since a retired peace officer had to show participation in a pension system before he could obtain authorization to carry a concealed weapon, it logically followed that, to legally carry a concealed pistol under Section 21 O.S.1289.8, a peace officer had to be full-time. The same rationale, if not the same years-of-service requirements, would apply to peace officers employed by the county or state. See 19 O.S. 553
(1991-1998), 19 O.S. 956; 74 O.S. 902(14), 74 O.S. 902(23),74 O.S. 915; 47 O.S. 2-300(6) (7) (1998).
¶ 5 However, Section 21 O.S. 1289.8 was amended in 1998 by Senate Bill 1181, Laws 1998, ch. 286, 1, adding the language in the statute which is emphasized, above. You want to know if, as a result of the change, CLEET can require that a retired peace officer had to have worked full-time for a ten-year period in order to obtain authorization to carry a concealed pistol. You also request definitions of what constitutes a "retired full-time peace officer" and a "retired reserve peace officer."
 I. "RETIRED FULL-TIME PEACE OFFICERS"
¶ 6 The term "peace officer" is defined in the statutes as "any sheriff, police officer, federal law enforcement officer, or any other law enforcement officer whose duty it is to enforce and preserve the public peace." 21 O.S. 99 (1998).[1]
Whenever the meaning of a word or phrase is defined in any statute, that definition is applicable to the same word or phrase whenever it occurs, except where a contrary intention plainly appears. See Dolese Brothers Co. v. Privett, 622 P.2d 1080,1084 (Okla. 1981). Under this standard rule of statutory construction, the definition at 21 O.S. 99 (1998) is the applicable definition of "peace officer."[2]
¶ 7 There is no definition of "full-time" in the statutes dealing with peace officers' pension plans. An entity reviewing a statute is guided by 25 O.S. 1 (1991), "which generally requires that words used in a statute are to be understood in their ordinary sense unless a contrary intention plainly appears." First American Bank Trust Co. of Purcell v. OklahomaIndustrial Finance Authority, 951 P.2d 625, 631-32 (Okla. 1997) (citing Fuller v. Odom, 741 P.2d 449, 452-453 (Okla. 1987)). The word "full-time" is defined as "employed for or working the amount of time considered customary or standard." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 919 (3d ed. 1993). In the context of a peace officer, the word would therefore mean one whose professional life is devoted to enforcing and preserving the public peace for the amount of time which is considered customary or standard. What is "customary or standard" is a question of fact dependent upon the policy of the individual employing law enforcement agency and is outside the scope of an Attorney General Opinion.
¶ 8 The term "retired" has no definition in the Oklahoma statutes. As a verb, it is defined as "to withdraw from office, public station, business, occupation, or active duty." WEBSTER'S at 1939. But that does not end the analysis. As discussed below, the eligibility to carry a concealed pistol as a retired peace officer under 21 O.S. 1289.8 (1998) is linked to the ability to participate in a retirement system. Therefore, it is possible to have a peace officer who has resigned from active duty as a peace officer but has not retired in the sense contemplated in the statutes, because the officer did not serve for the time necessary to vest in the pension system. Despite the fact such an officer has withdrawn from active service as a peace officer, he would not be eligible to obtain a permit under Section 1289.8, as vesting in a pension system and being retired is a condition precedent to eligibility to obtain an identification card from CLEET under 21 O.S. 1289.8 (1998).
¶ 9 Therefore, based on these definitions and the discussion below, the term "retired full-time peace officer," for purposes of 21 O.S. 1289.8 (1998), means a person who was duly appointed as a full-time officer to enforce and preserve public peace who has withdrawn from the active duty in that profession, who has vested in and is eligible to participate in a pension system for peace officers. What constitutes "full-time" is a question of fact which cannot be answered in an Attorney General Opinion.
 II. "RETIRED RESERVE PEACE OFFICER"
¶ 10 Although there is no definition of "reserve officer" in the statutes, it is obvious there is a difference between a "reserve officer'' and a "full-time peace officer". The Legislature has recognized this difference. To be a CLEET-certified reserve officer, one must satisfactorily complete "a basic police course of not less than one hundred twenty (120) hours of accredited instruction." 70 O.S. 3311(D)(2) (1998). In contrast, a "full-time salaried police or peace officer" must complete not less than three hundred (300) hours. Id. In the statute, the words "full-time" and "salaried" modify "police or peace officers," not "reserve police officers and reserve deputies." From this, one can deduce the Legislature operated under the assumption a "reserve officer" is not "full-time," nor is he necessarily salaried.
¶ 11 More importantly in the context of 21 O.S. 1289.8
(1998), this difference is also recognized in pension and benefits statutes. To participate in a pension plan, the officer must be "full-time." 11 O.S. 50-111.1/11 O.S. 50-101(6) (1998). The same is true for officers who may participate in a county system, see 19 O.S. 957 (1991), and the state system,see 74 O.S. 902(14) and 74 O.S. 1363(14) (1998). A reserve officer is not full-time; therefore he cannot participate in a pension plan for peace officers.
¶ 12 You specifically ask for a definition of "retired reserve peace officer". Although the term "reserve officer" is not defined in the statutes, in its general sense it means "something kept back or held available (as for future use)" or "forces not in the field for any reason but available." WEBSTER'S at 1930.
¶ 13 An examination of the acknowledged difference between a full-time and a reserve officer, together with the above definition of "reserve," reveals that the terms "reserve" and "retired" (asked in the context of whether a peace officer is eligible to carry a concealed weapon upon retirement under Section 1289.8) are mutually exclusive. If a "reserve peace officer" is a law enforcement officer who is not full-time or paid, but rather is kept back or held available for future use, he is not routinely engaged in the active service of enforcing and preserving public peace. If he is not routinely engaged in the active service of enforcing and preserving public peace, he cannot participate in a pension plan for peace officers, nor can he withdraw from such service. In other words, one is either a reserve peace officer or one is not, he cannot have a "retired" status as a reserve peace officer. Therefore, in answer to your question, there is no such thing as a "retired reserve peace officer" for purposes of 21 O.S. 1289.8 (1998).
 III. ISSUANCE OF GUN-CARRYING CARD
¶ 14 Under 21 O.S. 1289.8 (1998), the Legislature previously required a statement from the retirement system verifying that the person seeking authorization to carry the weapon was, in essence, a retired full-time peace officer who had worked ten years. Your question essentially asks if the Legislature, when it amended the statute, intended to allow CLEET to issue a card to retired reserve officers. The short answer is: no such intent is evident in the statutory amendment, and CLEET has no authority under 21 O.S. 1289.8 (1998) to issue a card to one who is no longer a reserve officer.
¶ 15 In interpreting a statute, we must keep in mind that "the purpose of statutory construction is to determine the intent of the legislature." Brandon v. Ashworth, 955 P.2d 233, 236 (Okla. 1998). Where the intent of the legislature is plain from the language of the statute, one need not resort to statutory construction. See id.
¶ 16 The applicable wording of the statute allowing the carrying of a concealed pistol specifically states that "[a]ny state, county, or municipal peace officer of this state who isretired, or any federal law enforcement officer who isretired may retain their status as a peace officer, retired,
in the State of Oklahoma." 21 O.S. 1289.8(A) (1998) (emphasis added). Furthermore, the Legislature recognized that "[a]retired state, county, or municipal peace officer may in times of great emergency or danger serve to enforce the law, keep the peace, or to protect the public in keeping with their availability and ability at the request of the Governor, the sheriff, or the mayor of their retirement jurisdiction." Id.
¶ 17 The Legislature's liberal use of the word "retired" is significant. Initially, as noted in Section II above, there is no such thing as a "retired reserve police officer." Therefore, 21O.S. 1289.8 (1998) is not applicable to a reserve officer. Furthermore, we find nothing in the statute indicating an intent to include reserve officers. The Legislature obviously recognized the concept of "reserve" officers, as it differentiated between reserve and fulltime peace officers in specifying different training requirements in 70 O.S. 3311 (1998).
¶ 18 The Legislature has also made reserve officers ineligible to participate in a pension system for peace officers, a condition precedent for being allowed to carry a concealed pistol under 21 O.S. 1289.8 (1998). The language recently added does not alter this. Subsection C merely states that if the retired peace officer "does not participate in the retirement system," CLEET needs a statement from the law enforcement agency stating the officer is a "retired peace officer," "and the reason why the retired peace officer does not participate in a retirement system." In other words, the retired officer need not "participate" in the retirement system in the sense that he is actively making contributions or receiving benefits, but he must be otherwise vested and "eligible" to do so, as stated in subsection B.[3]
¶ 19 There may be several reasons why an officer otherwise eligible for retirement benefits is not participating in a retirement system. For example, a retired officer may not claim benefits because the combination of his years of service and age do not yet permit him to draw on his retirement. See 47 O.S.2-300(7) (1998). A municipal officer may not be eligible to collect retirement benefits because he withdrew from active service after vesting, but before he reached 20 years of service, and therefore could not collect benefits until a later time.See 11 O.S. 50-111.1 (1998). Why an individual may wait to claim benefits instead of doing so immediately involves questions of fact outside the scope of an Attorney General's Opinion.
¶ 20 The Legislature was fully capable of adding language under both the concealed weapon and retirement statutes which included reserve officers; it did not do so. See Greenberg v. Wolfberg,890 P.2d 895, 905-06 (Okla. 1994) (tort of abuse of process is not included by name in statute limiting actions to one year; therefore, it falls within the unenumerated class for which a two-year limitation period is provided). Legislative silence may be considered as giving rise to an implication of legislative intent. See Ethics Commission v. Keating, 958 P.2d 1250, 1256
(Okla. 1998).
¶ 21 CLEET currently has a rule dealing with the ability of a retired peace officer to carry a concealed pistol under the Act. The rule defines "peace officer" as:
 a person regularly employed 25 hours or more per week and empowered thereby with arrest powers to preserve the peace and carry a firearm in the performance of official duties. The term does not include reserve officers, auxiliary, private security, private investigators or military police.
OAC 390:45-1-3.
¶ 22 The definition you have in your rules is not inconsistent with the definition set forth in this opinion, with one exception. Your rule requires a peace officer to be employed 25 hours per week. There is no such requirement in 21 O.S. 99
(1998).[4] The number of hours a peace officer must serve per week before he is eligible to participate in a pension plan is not set forth in the statutes; rather, it is up to the employing agency to determine what constitutes "full-time." Although rules promulgated by administrative agencies under legislative authority are presumed reasonable and valid, see Public Service Company of Oklahoma v. State ex rel.Corporation Commission ex rel. Loving, 918 P.2d 733, 738 (Okla. 1996), there are limits to an agency's rulemaking authority. Administrative rules are authorized because they are a means to help accomplish a legislative purpose expressed in the statute.See In re State Board of Medical Examiners, 206 P.2d 211, 215
(Okla. 1949); however, an agency has no authority to change the law in any way. Id. The addition of a minimum-hour-per-week requirement goes beyond the legitimate objectives of the agency and encroaches upon the power reserved by the Legislature unto itself Consequently, the requirement in OAC 390:45-1-3 that an officer work at least 25 hours per week is invalid, as it adds a substantive requirement not contemplated in the statutes.
¶ 23 Although your rule does not currently encompass a minimum-year requirement, you also inquire whether such a requirement could be placed in a rule. The same logic as above applies here as well. The time required to realize benefits under a pension plan may vary depending on a particular pension system. As noted above, the time required to vest in a municipal plan is ten years, with full benefits available after 20 years of full-time service. On the other hand, an officer retiring under the Oklahoma Law Enforcement Retirement System may reach normal retirement date after 20 years of vesting service or a combination of years of service and age. See 47 O.S. 2-300(7) (1998). The determinative factor is whether a retired peace officer has vested in a pension plan, not the number of years he served before withdrawing from active duty. Consequently, CLEET has no authority to arbitrarily set a minimum-years requirement for a retired peace officer to obtain a permit to carry a concealed pistol under 21 O.S. 1289.8 (1998). However, nothing prohibits CLEET from establishing a rule with a rebuttable presumption that an officer had to work for a minimum number of years before withdrawing from active service in order to obtain an identification card allowing him to carry a concealed pistol under Section 1289.8. Administrative agencies are entitled to create evidentiary presumptions, which are "traditionally accorded considerable deference." Holland Livestock Ranch v.United States, 655 F.2d 1002, 1005-06 (9th Cir. 1981).
¶ 24 In light of this discussion, the answer to your third question must be phrased as follows: CLEET can promulgate rules which define "retired" in such a fashion as to exclude reserve officers from eligibility to receive a retired peace officer identification card under 21 O.S. 1289.8 (1998). CLEET cannot impose a minimum-hours-per-week requirement or a minimum-years requirement in its definition of what constitutes a retired peace officer who is authorized to carry a concealed pistol under 21O.S. 1289.8 (1998); however, it can establish a rebuttable presumption that a peace officer had to work a minimum number of years in order to be eligible to carry an identification card under the statute.
¶ 25 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. For purposes of 21 O.S. 1289.8 (1998), which allows aretired peace officer to obtain from the Council on LawEnforcement Education and Training ("CLEET") an identificationcard allowing the retired officer to carry a concealed pistol, a"retired full-time police officer" is a person who was dulyappointed as a full-time officer to enforce and preserve publicpeace who has withdrawn from the active duty in that profession,who has vested and is otherwise eligible to participate in apension system for peace officers. What constitutes "full-time"is a question of fact which cannot be answered in an AttorneyGeneral Opinion.
 2. A "reserve officer" is a law enforcement officer who is notfull-time, but rather is kept back or retained for future orspecial use; he is not routinely engaged in the active service ofenforcing and preserving public peace, and is not eligible toparticipate in a pension system for peace officers. As he is notroutinely engaged in the active service of enforcing andpreserving public peace, he cannot withdraw from such service.Therefore, one is either a reserve peace officer or one is not;and as he is ineligible to participate in a retirement system forpeace officers, he cannot have a "retired" status as a reservepeace officer for purposes of 21 O.S. 1289.8 (1998).
 3. Legislative changes to 21 O.S. 1289.8 (1998) did notchange the eligibility requirements for participation in apension system in order to carry a concealed pistol. To theextent its rules reflect the intent of the Legislature, CLEET maypromulgate rules which have the effect of excluding reserve peaceofficers from eligibility to receive a retired peace officeridentification card under 21 O.S. 1289.8 (1998). However,CLEET cannot promulgate a rule with a non-rebuttable presumptionestablishing a minimum number of years of service or a minimumnumber of work hours per week before such a card can be issued.The key is not the minimum time requirement, but the time anofficer must work to become vested in and eligible to participatein a peace officers' retirement system. To establish provisionsnot contemplated in the statute is beyond the scope of theagency's rulemaking authority, and is invalid.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA DAN CONNALLY ASSISTANT ATTORNEY GENERAL
[1] There is also a definition of "officer" in the retirement statutes for municipal officers. There, an "officer" is defined as "any duly appointed and sworn full-time officer of the regular police department of a municipality whose duties are to preserve the public peace, protect life and property, prevent crime, serve warrants, enforce all laws and municipal ordinances of this state, and any political subdivision thereof, and who is authorized to bear arms in the execution of such duties." 11O.S. 50-101(6) (1998). This definition is more narrow than the general definition in Title 21, as it does not include sheriffs, federal officers, state officers, or any others with the same duties. Although Section 11 O.S. 50-101(6) is more specific, the two definitions are essentially identical as they pertain to official duties. Additionally, your question is not restricted to municipal peace officers, but all peace officers who might be eligible to carry a concealed pistol under 21 O.S. 1289.8 (1998). Therefore, we shall proceed with the broader definition.
[2] You note there is also another definition of "peace officer" in Title 70, dealing with CLEET. That definition is inapplicable to the question you pose. It reads:
 For purposes of this section, a police or peace officer is defined as a full-time duly appointed or elected officer who is paid for working more than twenty-five (25) hours per week and whose duties are to preserve the public peace, protect life and property, prevent crime, serve warrants, and enforce laws and ordinances of this state, or any political subdivision thereof; provided elected sheriffs and their deputies and elected and appointed chiefs of police shall meet the requirements of this subsection within the first twelve (12) months after assuming the duties of the office to which they are elected or appointed[.]
70 O.S. 3311(D)(5) (1998) (emphasis added). By its own language, the definition is limited to "this section," i.e., 3311. This section establishes CLEET as an educational institution and deals with educational and training requirements for those who wish to be law enforcement or peace officers within the State of Oklahoma. The purpose of this definition is to determine who is eligible for training, and to establish the requirements for successful completion of that training. Cf. J.Brotton Corp. v. Oklahoma Alcoholic Beverage Laws EnforcementCommission, 822 P.2d 683, 684-85 (Okla. 1991) (In response to claim that "public school" did not include colleges and universities in the statute prohibiting liquor establishments within 300 feet of any public school, the Court held the purpose of the Oklahoma School Code was to provide for a state system of public education and its support; it was not to provide a definition of "public school" wherever the term was found in the statutes, as the general definition in the School Code was not written to aid in the enforcement of liquor laws.) The provisions ofthe Oklahoma Firearms Act allowing retired peace officers to carry concealed pistols is not concerned with educational requirements; 21 O.S. 1289.8 (1998) assumes a peace officer was qualified before he retired.
[3] The statutory amendments made to Section 1289.8 and the above interpretation of them renders moot the question whether an officer "participates" in a retirement system if the officer has accumulated sufficient time to collect retirement benefits before the age which is normally considered retirement age, but has elected not to actually begin collecting those benefits because he has withdrawn from active service at an age earlier than what is considered normal retirement age. In other words, for purposes of the statute allowing a retired peace officer to carry a concealed weapon, we need not define what the word "participate" means. Under the statutory amendments outlined above, it is immaterial whether the officer "participates" during an interim period when he is no longer made active contributions to the system, but is not yet actually drawing from that system; it is sufficient that he is eligible in that he has completed the requirements for participation and has an expectation of realizing a benefit at some future date.
[4] See footnote 2 and accompanying text.